KIM E. RICHMAN
**THE RICHMAN LAW GROUP**
195 Plymouth Street
Brooklyn, NY 11201
krichman@reeserichman.com
212-687-8291 (telephone)
212-687-8292 (facsimile)

*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAXIE DACOSTA,<br><br>                        Plaintiff,<br><br>        v.<br><br>CITY OF NEW YORK, DET. DAVID SHAPIRO (Shield #6054), and P.O.'s "JOHN AND JANE DOE" #1 through #20, individually and in their official capacities (the names "John and Jane Doe" being fictitious, as the true names of these individuals are presently unknown),<br><br>                      Defendants. | **COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff Maxie DaCosta ("Plaintiff"), by his attorney, Kim E. Richman, complaining of the Defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

Plaintiff brings this action for damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988, for the wrongful acts of Defendants CITY OF NEW YORK, DETECTIVE DAVID SHAPIRO (Shield #6054), and P.O.'s "JOHN AND DOE" #1 through #20, individually and in

1

their official capacities, (the names "John and Jane Doe" being fictitious, as the true names of these individuals are presently unknown), as Officers of the New York City Police Department and other agencies of the City of New York, all acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights under the Constitution and laws of the Unites States and of the State of New York.

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

2. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

3. Supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367 as to any and all of Plaintiff's claims arising under New York state law as such claims share a common nucleus of operative facts with Plaintiff's federal claims herein.

## VENUE

4. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5. Plaintiff demands a trial by jury on each and every one of her claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff Maxie DaCosta was at all relevant times a resident of Queens, New York, which is located in the Eastern District of New York.

7. Defendant CITY OF NEW YORK ("CITY") is and was at all relevant times a municipality of the State of New York. Defendant CITY operates, manages, directs and controls the New York City Police Department ("NYPD") and other municipal agencies and departments which are responsible for carrying out law enforcement activities under color of state law.

8. Defendant P.O. DAVID SHAPIRO (Shield #6054), and P.O.'s "JOHN AND JANE DOE" #1 through #20 are and were at all relevant times police or correction officers, supervisors, and/or policymakers employed by Defendant CITY with the NYPD and/or other CITY agencies and acting under color of state law.

9. At all times relevant hereto and in all their actions alleged herein, Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of Defendant CITY and its agencies and departments, including the NYPD, and pursuant to their authority as employees, servants and agents of the NYPD, and/or other agencies, and within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and law enforcement officers.

10. Defendant CITY was responsible for the hiring, training, supervision, discipline, retention and promotion of officers, supervisors, and employees within its agencies, including the NYPD and/or other agencies which employed the Defendants herein.

## FACTS

11. On or about April 24, 2008, Defendant Officers, including Defendant Det. Shapiro, apprehended Plaintiff, who was incarcerated at Rikers Island in connection with another charge, on the basis of an alleged robbery that occurred on the night of July 28, 2007.

12. Defendant Det. Shapiro and other present Defendant Officers threatened Plaintiff bodily harm if he refused to cooperate with Defendant Officers.

13. Defendant Det. Shapiro and other present Defendant Officers also warned Plaintiff that he would not see his daughters and that they would make sure that he spent the rest of his life in jail if Plaintiff did not cooperate with Defendant Officers.

14. Plaintiff, who was afraid that the officers might cause serious harm to him, obeyed Defendant Officers' instructions.

15. Plaintiff was brought to the NYPD 104th Precinct.

16. Upon information and belief, Defendant Officers told Plaintiff to prepare a written statement pertaining to the earlier charge that was the basis of his detention, not the robbery charge that Defendant Officers had re-arrested him for.

17. Upon information and belief, at this time, Plaintiff was represented by counsel on the earlier charge.

18. Upon information and belief, no legal counsel was present at this time.

19. On or around September 6, 2012, the robbery charge and any and all charges related thereto were dismissed in favor of Plaintiff in Queens County criminal court.

20. That same day, on or around September 6, 2012, Plaintiff was finally released from custody, having been incarcerated for approximately fifty-five (55) months since his arrest in connection with the earlier charge.

21. Upon information and belief, Plaintiff filed a timely Notice of Claim with Defendant CITY's Office of the Comptroller regarding the incidents and related injuries alleged herein. A hearing pursuant to General Municipal Law Section 50-h was conducted in this matter on May 17, 2013.

22. At least thirty days have elapsed since Plaintiff served the Notice of Claim, and the City has neglected and/or refused to adjust and/or make payment on the claim.

## FIRST CLAIM FOR RELIEF:
## DEPRIVATION OF FEDERAL CIVIL RIGHTS

23. Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

24. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

25. All of the aforementioned acts by Defendants deprived Plaintiff of the rights, privileges and immunities guaranteed by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, said violations being actionable under 42 U.S.C. § 1983.

26. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers, with the actual and/or apparent authority attendant thereto.

27. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers, pursuant to the customs, usages, practices, procedures, and rules of Defendant CITY and its NYPD, all under the supervision of ranking officers of said department.

28. Defendants, collectively and individually, while acting under color of state law, violated Plaintiff's civil rights; these violations were driven and motivated by, reflective of and carried out pursuant to a custom, usage, practice, procedure or rule of Defendant CITY that is forbidden by the Constitution of the United States.

29. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

## SECOND CLAIM FOR RELIEF:

**MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983**

30. Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

31. Defendants employed regularly issued legal process by arresting, processing, and initiating criminal proceedings against Plaintiff to forbear him of his of liberty and the lawful use of property.

32. Defendants acted with intent to do harm as there was at no point any reasonable suspicion or probable cause to re-arrest Plaintiff for the aforementioned "robbery" incident.

33. Defendants undertook the aforementioned acts in order to obtain a collateral objective outside the legitimate ends of the process, namely to arrest persons known to be innocent in order to detain them for questioning about unrelated incidents, among other collateral objectives. This abuse of power is outside of and contrary to the legitimate use of the law enforcement and criminal justice processes and undermines the civil rights of persons such as Plaintiff for whom there is no reasonable suspicion or probable cause as to any alleged criminal activity.

34. As a result of Defendants' unlawful acts, Plaintiff suffered numerous violations of his constitutional rights, as described more fully herein.

**THIRD CLAIM FOR RELIEF:**
**MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983**

35. Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

36. Defendants initiated criminal proceedings against Plaintiff without probable cause or reason to believe that the criminal charges against him could succeed and with actual malice, thereby causing Plaintiff to be prosecuted on baseless charges for over fifty-two (52) months and to suffer a significant deprivation of liberty in connection therewith.

37. The criminal charges against Plaintiff were terminated in his favor.

38. Defendants and their agents, servants, and employees carried out all of the aforementioned acts under color of state law.

39. Defendants' unlawful prosecution of Plaintiff without probable cause and denial of his associated due process rights, as described herein, violated Plaintiff's rights under the Constitution, for which Defendants are individually liable.

40. As a result of Defendants' malicious prosecution and other unlawful acts, Plaintiff suffered various emotional injuries, as described more fully herein.

## FOURTH CLAIM FOR RELIEF:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER NY STATE LAW

41. Plaintiff repeats each and every allegation contained in the paragraphs above and incorporate such allegations by reference herein.

42. Defendants' unlawful conduct, including the violations of Plaintiff's constitutional rights, constituted extreme and outrageous conduct that was beyond the boundaries of decency.

43. Defendant NYPD officers acted intentionally in their unlawful conduct.

44. Defendant CITY acted with reckless disregard as to whether its customs, policies, usages, practices, procedures, and rules of its NYPD would result in extreme and outrageous conduct inflicted upon Plaintiff.

45. Defendants' conduct was the direct and proximate cause of the harm to Plaintiff. Plaintiff suffered and continues to suffer physical injury, and both Plaintiffs suffered and continue to suffer severe emotional distress, and were otherwise injured, as a result of Defendants' conduct.

## FIFTH CLAIM FOR RELIEF:
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

46. Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

47. Defendants searched, seized and prosecuted Plaintiff despite a complete lack of cause against him, notwithstanding their knowledge that such actions would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

48. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers and officials, with the entire actual and/or apparent authority attendant thereto.

49. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of Defendant CITY and its agencies, including the NYPD, all under the supervision of ranking officers of said department.

50. The aforementioned customs, policies, usages, practices, procedures and Defendant CITY include discriminating against and detaining minority individuals without reasonable suspicion or having probable cause as to each individual and without evidence of each individual's criminal activity and conducting intrusive body searches without individual particularized suspicion or other justification, prosecuting minority individuals without reasonable suspicion or having probable cause as to each individual and without evidence of each individual's criminal activity, arresting persons known to be innocent in order to meet "productivity goals", intrusive frisking of women by male officers, falsely swearing out criminal complaints, and/or lying and committing perjury during sworn testimony to protect other officers and meet productivity goals.

51. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

52. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights.

53. Defendant CITY, as municipal policymaker in the training and supervision of Defendant Detective David Shapiro (Shield #6054) and P.O.s "John and Jane Doe" #1 through #20, individually and in their official capacities, has pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their rights found within the Fourth, Fifth, Sixth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983 and the Constitution and laws of the State of New York.

54. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY constituted a deliberate indifference to Plaintiff's constitutional rights.

55. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

56. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY were the moving force behind the constitutional violation suffered by Plaintiff as alleged herein.

57. All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

    a. Not to be deprived of liberty without due process of law;

    b. To be free from search, seizure, arrest, prosecution and imprisonment not based upon reasonable suspicion or probable cause;

    c. To be free from malicious prosecution

    d. To be free from infliction of emotional distress; and

    e. To receive equal protection under the law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and pray for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of FIVE MILLION ($5,000,000.00) DOLLARS.

2. Punitive damages in the amount of FIVE MILLION ($5,000,000.00) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.


DATED:   New York, NY
         September 4, 2015

                                        Respectfully submitted,

                                        **THE RICHMAN LAW GROUP**

                                        */s/ Kim E. Richman*
                                        _____
                                        Kim E. Richman, Esq.
                                        Joseph M. Stancati, Esq.
                                        195 Plymouth Street
                                        Brooklyn, NY 11201
                                        212-687-8291 (phone)
                                        212-687-8292 (fax)

                                        *Attorneys for Plaintiff*