

81 Prospect Street, Brooklyn, NY 11201 / T: 718-705-4579 / F: 718-228-8522
www.richmanlawgroup.com

May 20, 2016

**VIA ECF**

Chief Magistrate Judge Roanne L. Mann
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201
Telephone: (718)613-22350

      Re:    *DaCosta v. City of New York, et al.*, 15-cv-05174 (JBW) (RLM)

Your Honor:

Pursuant to your order dated May 17, 2016 (the "Order"), we write to provide a status update in the above-referenced matter on behalf of Plaintiff Maxie DaCosta ("Plaintiff" or "Mr. DaCosta").

On September 5, 2015, Plaintiff filed a Complaint in this action against Defendants City of New York, Police Officers John and Jane Doe Nos. 1 through 20, and Police Officer David Shapiro (collectively, "Defendants"). *See* Docket Entry No. 1. On October 1, 2015, Defendant moved this Court for an extension of time to answer the Complaint. *See* Docket Entry No. 12. On December 4, 2015, Defendants filed a second motion for an extension of time to answer Plaintiff's Complaint. *See* Docket Entry No. 14. On February 3, 2016, Defendants filed a third motion for an extension of time to answer the Complaint. *See* Docket Entry No. 16.

On February 26, 2016, Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See* Docket Entry No. 17. In response to Defendants' motion to dismiss, Plaintiff filed an Amended Complaint on March 18, 2016. *See* Docket Entry No. 20. On April 19, 2016, Judge Weinstein entered an order denying Defendants' motion to dismiss as moot. *See* Docket Entry No. 21. As noted in Your Honor's Order, Defendants' response was due on April 1, 2016. Nevertheless, Defendants failed to file either an Answer to Plaintiff's Amended Complaint or a motion for summary judgment. Instead, on May 18, 2016, 47 days after their Answer was due, Defendants finally responded to the Amended Complaint, albeit by letter to Plaintiff. In that letter, a copy of which is attached hereto for Your Honor's reference, Defendants requested that Plaintiff file a Second Amended Complaint, rehashing many of the same arguments they recited in their motion to dismiss.

Defendants' response is insufficient as a matter of procedure and basic professional courtesy. Based on the tortuous history described above, it appears that the City has adopted a policy of refusing to address the merits of this lawsuit. Instead, Defendants have

chosen to stonewall Plaintiff at every turn, disregarding the facts, substantive law, and rules of procedure. For example, most recently, instead of properly answering Plaintiff's Amended Complaint, Defendants waited until a month and a half after the filing deadline to send Plaintiff a letter requesting that he file yet another amended complaint—this despite conversations in which Defendants ensured Plaintiff that they would advance their arguments against his claims via proper motion practice, *i.e.,* a motion for summary judgment.

In light of Defendants' repeated failures to respect filing deadlines and engage in a good-faith effort with Plaintiff to resolve this lawsuit, Plaintiff is within his rights to move this Court for default. Nevertheless, it is Plaintiff's position that his claims deserve to be heard. Therefore, if Your Honor sees fit, Plaintiff is willing to move forward with discovery and motion practice after Defendants answer the Amended Complaint. To that end, Plaintiffs ask that Defendants be directed to file their Answer no later than Friday May 27, 2016.

Please do not hesitate to contact us with any questions.

Very Truly Yours,

Kim E. Richman

Encl.

cc.: All Counsel of Record

# EXHIBIT A



| | | |
|---|---|---|
| **ZACHARY W. CARTER**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **DANIEL G. SAAVEDRA**<br>*Assistant Corporation Counsel*<br>Phone: (212) 356-0892<br>Fax: (212) 356-3509<br>dsaavedr@law.nyc.gov |

May 18, 2016

**BY EMAIL**
Kim Richman, Esq.

      Re: *Maxie DaCosta v. City of New York, et al.,* 15 Civ. 5174 (JBW) (RLM)

Mr. Richman:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department, and the attorney assigned to the defense of the above-referenced matter on behalf of defendants City of New York and Detective Shapiro (hereinafter "defendants"). Defendants write to address plaintiff's amended complaint and to request that plaintiff file a second amended complaint.

      As you are aware, defendants moved to dismiss the complaint in this matter on February 26, 2016, pursuant to Fed. R. Civ. P. 12(b)(6). *See* Docket Entry No. 17. On March 18, 2016, in response to this motion, plaintiff filed an amended complaint. *See* Docket Entry No. 20. Accordingly, on April 19, 2016, Judge Weinstein denied defendants' motion to dismiss as moot. *See* Docket Entry No. 21.

      After reviewing the amended complaint, defendants maintain that most of the claims alleged fail as a matter of law. For instance, the amended complaint brings a state law claim of intentional infliction of emotional distress. *See* Docket Entry No. 20, p. 8. Under New York law, a claim against the City or any employee must be "commenced within one year and ninety days after the happening of the event upon which the claim is based." N.Y. Gen. Mun. L. § 50-i(c). In this case, plaintiff was arrested on April 24, 2008 and the charges against him were dismissed on September 6, 2012. Nevertheless, plaintiff did not file the present lawsuit until September 5, 2015. Therefore, plaintiff's state law claims are clearly barred by the applicable statute of limitations.

      The amended complaint also contains a claim against the City of New York. However, the allegations set forth in the complaint fail to meet the plausibility standard articulated by the Supreme Court. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). In this case, the amended complaint's allegations that defendant City has a policy of "discriminating against and detaining minority individuals without reasonable suspicion or having probable cause as to each individual and...of arresting persons known to be innocent in order to meet 'productivity goals…'" is facially insufficient. *See, e.g., Araujo v. City of New York*, No. 08 CV 3715 (KAM), 2010 U.S. Dist. LEXIS 26082, at *29 (E.D.N.Y. Mar. 19, 2010) (dismissing *Monell* claim on pleadings since

"plaintiff's allegation that the Municipal Defendants acted pursuant to 'de facto policies, practices, customs, and usages' . . . without any facts suggesting the existence of the same, are plainly insufficient to state a Section 1983 claim against the Municipal Defendants."). Even assuming, *arguendo*, that plaintiff has sufficiently identified a plausible unconstitutional pattern or practice, any claim against the City of New York would still fail because it is based on a single, isolated instance of alleged unconstitutional activity. A complaint based on a single, isolated instance, like the one here, is insufficient to impose liability on the City. *See Fenner v. City of New York*, 08 Civ. 2355 (BMC) (LB), 2009 U.S. Dist. LEXIS 119719, at *12 (E.D.N.Y. Dec. 21, 2009) ("At most, plaintiff has identified a single incident of a constitutional violation. Even assuming such a violation occurred . . . the Supreme Court has squarely held that this is insufficient to create liability under *Monell*.")

For similar reasons, plaintiff's malicious abuse of process claim fails as a matter of law. Under New York law, a plaintiff must show that the defendant: "(1) employ[ed] regularly issued legal process to compel performance or forbearance of some act; (2) with intent to do harm without excuse or justification; and (3) in order to obtain a collateral objective that is outside legitimate ends of process." *Savino v. City of New York*, 331 F.3d 63, 76 (2d Cir. 2003). In this case, plaintiff alleges that defendants arrested plaintiff "in order to obtain a collateral objective outside the legitimate ends of the process, namely to arrest persons known to be innocent in order to detain them for questioning about unrelated incidents." *See* Docket Entry No. 20, ¶ 38. The amended complaint does not offer any *facts* to substantiate these claims. Indeed, nothing in plaintiff's complaint demonstrates that plaintiff is entitled to relief beyond his "formulaic recitation" of the elements of a malicious abuse of process claim. *See Twombly*, 550 U.S. at 555. Accordingly, plaintiff has failed to state a plausible malicious abuse of process claim.

Given the facial deficiencies apparent in the amended complaint, defendants request that plaintiff file a second amended complaint which omits a *Monell* claim against the City of New York, a malicious abuse of process claim, as well as any state law claims. If plaintiff refuses to file a second amended complaint that comports with the aforementioned authority, defendants will be forced to renew their motion to dismiss.

Respectfully,

/s/

Daniel G. Saavedra
Assistant Corporation Counsel
Special Federal Litigation Division