

| ZACHARY W. CARTER<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | DANIEL G. SAAVEDRA<br>*Assistant Corporation Counsel*<br>Phone: (212) 356-0892<br>Fax: (212) 356-3509<br>dsaavedr@law.nyc.gov |
|---|---|---|

May 20, 2016

**BY E.C.F.**
Honorable Roanne L. Mann
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 10007

      Re:  *Maxie DaCosta v. City of New York, et al.,* 15 Civ. 5174 (JBW) (RLM)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department, and the attorney assigned to the defense of the above-referenced matter. Defendants City of New York and Detective Shapiro (hereinafter "defendants") write to respectfully provide a status report regarding the Amended Complaint.

      By way of background, plaintiff alleges he was unlawfully arrested and subjected to malicious prosecution on September 6, 2012 while he was detained on Rikers Island awaiting trial on separate charges. Specifically, plaintiff alleges that defendants initiated criminal proceedings against plaintiff, in the form of a robbery charge, without probable cause. In addition to defendant City, plaintiff has asserted claims against "Detective David Shapiro" and "John Does 1 through 20." On February 26, 2016, after conferring with plaintiff's counsel, defendants filed a motion to dismiss the complaint. *See* Docket Entry No. 17. On March 18, 2016, plaintiff filed an amended complaint. *See* Docket Entry No. 20. On April 19, 2016, Judge Weinstein denied defendants' motion to dismiss in light of the amended complaint. *See* Docket Entry No. 21.

      Defendants respectfully maintain that plaintiff's amended complaint alleges several facially deficient claims. Specifically, plaintiff alleges a state law claim for intentional infliction of emotional distress, in spite of the fact that such a claim is plainly barred by the applicable statute of limitations. *See* N.Y. Gen. Mun. L. § 50-i(c). Plaintiff's amended complaint also alleges a claim against the City of New York which consists of purely speculative and conclusory allegations. *See, e.g., Araujo v. City of New York*, No. 08 CV 3715 (KAM), 2010 U.S. Dist. LEXIS 26082, at *29 (E.D.N.Y. Mar. 19, 2010) (dismissing *Monell* claim on pleadings since "plaintiff's allegation that the Municipal Defendants acted pursuant to 'de facto policies, practices, customs, and usages' . . . without any facts suggesting the existence of the

same, are plainly insufficient to state a Section 1983 claim against the Municipal Defendants."). Plaintiff has also alleged a malicious prosecution and malicious abuse of process claim despite the fact that a grand jury determined that there was probable cause to arrest and prosecute plaintiff. *See Manganiello v. City of New York*, 612 F.3d 149, 161-62 (2d Cir. 2010) ("[T]he existence of probable cause is a complete defense to a claim of malicious prosecution in New York . . . ."); *Irish v. City of New York*, No. 09 Civ. 5568 (RMB), 2010 U.S. Dist. LEXIS 130466 (S.D.N.Y. Dec. 6, 2010) (finding that probable cause to issue process "negates a claim for abuse of process").

Accordingly, defendants sent a letter to plaintiff's counsel, on or about May 18, 2016, specifying the faults in the amended complaint and requesting that plaintiff's counsel withdraw any meritless claims. Plaintiff's counsel has indicated that they will not be filing a second amended complaint. Indeed, plaintiff's counsel asserts that the "City has adopted a policy of refusing to address the merits of this lawsuit." *See* Docket Entry No. 22. On the contrary, defendants *are* attempting to address the merits of plaintiff's complaint. However, since plaintiff has refused to withdraw several meritless claims defendants intend to renew their motion to dismiss the amended complaint.

Defendants thank the Court for its consideration of this request.

Respectfully submitted,

/s/

Daniel G. Saavedra
Assistant Corporation Counsel
Special Federal Litigation Division

cc:  Kim E. Richman (By ECF)
     The Richman Law Group
     195 Plymouth Street
     Brooklyn, NY 11201