

**ZACHARY W. CARTER**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**KAVIN THADANI**
*Senior Counsel*
Tel.: (212) 356-2351
Fax: (212) 356-3509
kthadani@law.nyc.gov

January 11, 2017

**VIA ECF**
Honorable Roanne L. Mann
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    <u>DaCosta v. City of New York, et al.</u>, No. 1:15-cv-05174-JBW-RLM

Your Honor:

      I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendants City of New York ("City") and David Shapiro ("Shapiro") in the above-referenced action. For the reasons set forth below, defendants respectfully submit that plaintiff's January 9, 2017 letter application seeking leave to amend the complaint to add Detective Fortunato Tranchina[1] ("Tranchina") as a named defendant should be denied.

      By way of background, plaintiff brings claims pursuant to 42 U.S.C. § 1983 for malicious abuse of process, malicious prosecution and municipal liability and New York state law for intentional infliction of emotional distress. Plaintiff's claims arise out of his April 24, 2008 arrest for Robbery in the Second Degree. The charges against plaintiff were dismissed on September 6, 2012. However, plaintiff did not file his complaint in this action until September 5, 2015, one day prior to the expiration of the statute of limitations on his malicious prosecution and municipal liability claims. *See, e.g., Murphy v. Lynn*, 53 F.3d 547, 548 (2d Cir. 1995) ("[T]he applicable statute of limitations for § 1983 actions in New York is three years . . . and . . . for claims based in malicious prosecution, this period starts to run only when the underlying

---

[1]     Det. Tranchina's first name is misspelled as "Fortunat" in plaintiff's application and proposed amended complaint.

criminal action is conclusively terminated.").[2] Plaintiff's complaint named the City, Shapiro and "John and Jane Does" as defendants.

On March 18, 2016, following defendants' motion to dismiss, which was filed on February 26, 2016 and subsequently deemed moot, plaintiff amended his complaint but did not replace any of the "John and Jane Doe" defendants or name any new defendants despite being on notice at that time that Det. Tranchina authored and signed the criminal court complaint. *See* Docket No. 18 at 7.

On June 28, 2016, an Initial Conference was held before Your Honor and a fact discovery deadline of November 3, 2016 was set.[3] *See* Docket No. 29. In addition, Your Honor ordered that "[p]leadings may be amended and new parties added until July 28, 2016." *Id.*[4] Nevertheless, now over five months past the Court-ordered deadline, and after a briefing schedule has been set with respect to defendants' motion for summary judgment, plaintiff seeks leave to amend the complaint to add a new defendant.

A motion to amend "should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008). Here, not only is plaintiff guilty of undue delay but an amendment to add Det. Tranchina as a defendant at this late stage would be futile because the statute of limitations has expired with respect to any claims made against him.

It is well-settled that "[i]f the statute of limitations has run and relation-back . . . is unavailable, the Court may deem the replacement of a Jane Doe with a named defendant futile." *Godlewska v. HDA, Human Dev. Ass'n., Inc.*, No. CV-03-3985 (DGT) (JMA), 2006 U.S. Dist. LEXIS 30519, at *7 (E.D.N.Y. May 18, 2006); *see also, e.g., Santiago v. City of New York*, No. 15-cv-00517, 2016 U.S. Dist. LEXIS 121871, at *12-13 (E.D.N.Y. Sep. 6, 2016) ("[W]here the statute of limitations has expired, a complaint can only be amended to replace a John Doe defendant if the amended complaint relates back to the original filing.").

---

[2] At the time plaintiff filed his complaint in this action, the statute of limitations on his malicious abuse of process and intentional infliction of emotional distress claims had already expired. *See, e.g., Hadid v. City of New York*, No. 15-cv-19 (WFK) (RER), 2015 U.S. Dist. LEXIS 160357, at *14 (E.D.N.Y. Nov. 30, 2015) (statute of limitations on malicious abuse of process claim brought under 42 U.S.C. § 1983 is three years from the date of the arrest); *Skeene v. City of New York*, No. 14-cv-6054 (ENV) (CLP), 2016 U.S. Dist. LEXIS 29160, at *8 (E.D.N.Y. Mar, 7, 2016) (statute of limitations on intentional infliction of emotional distress claim brought under New York State law against a state actor is one year and ninety days).

[3] To the extent that plaintiff requests an additional period of discovery, such request should be denied.

[4] Prior to that deadline, on June 30, 2016, defendants served their Initial Disclosures, which explicitly listed Det. Tranchina, and which included documents, such as the arrest report, complaint follow-up reports, and the criminal court complaint, which indicated that Det. Tranchina was the lead investigator and arresting officer concerning plaintiff's arrest.

As explained above, the statute of limitations with respect to plaintiff's intentional infliction of emotional distress and malicious abuse of process claims expired on July 23, 2009 and April 24, 2011, respectively, well before the initial complaint was even filed in this case. Also, as explained above, the statute of limitations with respect to plaintiff's malicious prosecution and municipal liability claims expired on September 6, 2015. Therefore, plaintiff's proposed amendment is futile because "[a]n amendment to a complaint replacing 'John Doe' defendants with real persons must be made before the statute of limitations period expires." *Godlewska*, 2006 U.S. Dist. LEXIS 30519, at *10.

Plaintiff's proposed amendment does not relate back to the date of the original complaint under Fed. R. Civ. P. 15(c), nor does plaintiff even attempt to argue in his letter application that it does. "Rule 15(c) explicitly allows the relation back of an amendment due to a 'mistake' concerning the identity of the parties (under certain circumstances), but the failure to identity individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake." *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1995); *see also, e.g., Godlewska*, 2006 U.S. Dist. LEXIS 30519, at *8 ("A plaintiff's failure to name a party due to an inability to identify them is not a 'mistake' within the meaning of" Rule 15(c)) (internal quotation marks and citation omitted); *Harris v. City of New York*, No. 13 Civ. 7788 (LGS), 2016 U.S. Dist. LEXIS 12872, at *12 (S.D.N.Y. Feb. 3, 2016) ("Under controlling Second Circuit precedent, 'Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities.'") (citation omitted).

For the foregoing reasons, it is respectfully submitted that plaintiff's belated application for leave to file an amended complaint should be denied in its entirety because not only is plaintiff guilty of undue delay but any amendment to add Det. Tranchina as a defendant at this late stage would be futile.[5]

Thank you for your consideration.

Respectfully submitted,

/s/ Kavin Thadani

Kavin Thadani
Senior Counsel
Special Federal Litigation Division

cc: **VIA ECF**
Javier Hidalgo, Esq.
Kim Richman, Esq.
*Attorneys for Plaintiff*

---

[5] Defendants note that plaintiff falsely contends in his letter that the undersigned, both prior to and at Det. Tranchina's deposition, "prepared and represented [Det. Tranchina] as he would a party as opposed to a non-party witness." Indeed, at the deposition, both the undersigned and Det. Tranchina made clear on several occasions that the undersigned represented defendants City and Shapiro only and did not represent Det. Tranchina since he was not a party in the case.