

81 Prospect Street, Brooklyn, NY 11201 / T: 718-705-4579 / F: 718-228-8522
www.richmanlawgroup.com

January 20, 2017

**VIA CM/ECF**
Honorable Roanne L. Mann
Chief Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *DaCosta v. City of New York, et al.,* 15-CV-05174 (JBW)(RLM)
              Letter Motion for Leave to File Second Amended Complaint

Dear Judge Mann:

      Plaintiff Maxie DaCosta respectfully submits this letter to briefly respond to the new relation back arguments raised by Defendants in their January 11, 2017 response letter in opposition to Plaintiff's request for leave to file a Second Amended Complaint to add Detective Tranchina as a named defendant.

      The proposed amendment is not futile. Plaintiff should not be penalized "for [d]efendants' obstruction of [plaintiff's] counsel's diligent efforts to determine the identities of the 'Doe' officers." *Archibald v. City of Hartford,* 274 F.R.D. 371, 382 (D.Conn.2011). Indeed, "the Plaintiff should not be barred from naming a new defendant on the basis that the statute of limitations has already run, since to hold otherwise would allow defense counsel 'to eliminate claims against any John Doe defendant merely by resisting discovery requests until the statute of limitations has ended.'" *Id.* at 381–82 (quoting *Byrd v. Abate,* 964 F. Supp. 140, 146 (S.D.N.Y.1997). "Defense counsel is not entitled to transform discovery of the names of police officers who engaged the Plaintiff into a game of hide-and-seek." *Id.* at 382.

      Defendants admit the original Complaint in this action was filed within the statute of limitation, but then argue the claims against Detective Tranchina – an employee of Defendant City of New York – are time bared and the proposed amendment does not relate back. However, an amendment to a pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

      Defendants' reliance on *Barrow v. Wethersfield Police Dep't,* 66 F.3d 466, 470 (2d Cir.1996) for the proposition that Plaintiff cannot satisfy the third element of the relation back test because a plaintiff's lack of knowledge of the identity of a John Doe Defendant does not constitute a "mistake" for purposes of Fed. R. Civ. 15(c), is misplaced. There is

an "exception to the ruling in *Barrow* in situations where the defendants withheld identifying information or unreasonably delayed in producing such information." *Feliciano v. County of Suffolk*, CV 04-5321 JS AKT, 2013 WL 1310399, at *10 (E.D.N.Y. Mar. 28, 2013); *see Byrd,* 964 F. Supp. at 145–46 (granting leave to amend where plaintiff requested identifying information prior to expiration of limitations period, but defendant failed to provide it until period expired); *Archibald,* 274 F.R.D. at 381–82 (granting leave to amend where defendant's counsel "completely rebuffed or substantially delayed" plaintiff's efforts to discover the identities of officers with whom he interacted); *Morales v. County of Suffolk*, 952 F. Supp. 2d 433, 438 (E.D.N.Y. 2013) ("The Court concludes that application of the exception to the relation back doctrine outlined in *Byrd* and *Archibald* is appropriate where, as here, the Defendants do not refute the Plaintiffs' assertions that Manual's deposition was repeatedly adjourned.")

Defendants also make issue of the fact that this request to amend comes several months after the deadline Your Honor set to amend and add parties. Defendants ignore their role in this delay. Nonetheless, "[w]here, as here, a scheduling order governs amendments to the complaint, 'the lenient standard under Rule 15(a), which provides leave to amend shall be freely given, must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause.'" *Morales v. County of Suffolk*, 952 F. Supp. 2d 433, 434 (E.D.N.Y. 2013). Here, there is good cause.

Detective Tranchina was identified as a potential witness by Defendants in their June 30, 2016 26(a)1 initial disclosures, but not as a potential defendant. The initial disclosures also stated that any communication with any NYPD employee regarding this matter "should be made through counsel." Despite repeated overtures by counsel for the Plaintiff, counsel for the Defendants did not produce Detective Tranchina for a deposition until December 23, 2016 after a contested motion to quash the third-party subpoena. Nonetheless, Defendants knew the conduct and occurrences set out in the original pleading were in connection to Detective Tranchina, and the City presumably apprised him of such.

Plaintiff could not ascertan Detective Tranchina's identity as a proper defendant until he was ultimately compelled to testify at his deposition. *See e.g., Morales*, 952 F. Supp. 2d at 435 (the plaintiffs asserted they could not ascertain potential party's identity until after he testified.) In *Morales,* considering the defendant's delay in producing the witness for deposition, the court noted "that, after the Plaintiffs ascertained the identity of Manual, they moved within about one month to amend the complaint to substitute him as a named party." Under similar circumstances as here, the plaintiffs in *Morales* demonstrated good cause under Rule 16(b) to modify the scheduling order to substitute the deposed officer as a named party. *Id.* Here, after Defendants' repeated attempts to delay and frustrate the discovery process, Detective Tranchina finally testified on December 23, 2016. Shortly thereafter, Plaintiff promptly moved to amend the complaint to substitute Detective Tranchina as a named party. Under these circumstances, the Plaintiff has demonstrated good cause to substitute Tranchina as a named party. *Id.*

Amendment is also proper under Fed.R.Civ.P. 15(a). "After the moving party demonstrates diligence under Rule 16, the court applies the standard set forth in Rule 15 to

determine whether the amendment is proper." *Moore v. Publicis Groupe SA,* 11 Civ. 1279(ALC)(AJP), 2012 WL 2574742, at *5 (S.D.N.Y. June 28, 2012). Plaintiff moved for leave to file an amended complaint less than one month after he learned of Tranchina's role; therefore, there was no undue delay. *Morales*, 952 F. Supp. 2d at 435 (finding where the plaintiffs moved to amend about one month after learning of the additional defendant's role, "there was no undue delay.") The proposed amendment adds no additional claims, and alleges no occurrence or conduct that is different from the original pleading. Indeed, but for Defendants' delay in producing Detective Tranchina for deposition, Plaintiff would have sought leave to add his name to the Complaint earlier.

The proposed amendment is not futile. There is good cause to amend Your Honor's scheduling order. The proposed amendment relates back to Plaintiff's original complaint. Plaintiff should not be penalized for Defendants' efforts to frustrate the discovery process with obstruction and delay.

Thank you for your attention to this matter.

Respectfully submitted,

Kim E. Richman

cc: All counsel of record