

**ZACHARY W. CARTER**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**KAVIN THADANI**
*Senior Counsel*
Tel.: (212) 356-2351
Fax: (212) 356-3509
kthadani@law.nyc.gov

January 26, 2017

**VIA ECF**
Honorable Roanne L. Mann
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>DaCosta v. City of New York, et al.</u>, No. 1:15-cv-05174-JBW-RLM

Your Honor:

    I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendants City of New York ("City") and David Shapiro ("Shapiro") in the above-referenced action. Defendants write in response to plaintiff's untimely January 20, 2017 reply letter with respect to his motion for leave to file a second amended complaint.[1]

    Plaintiff falsely contends throughout his letter that defendants somehow obstructed plaintiff counsel's efforts to determine the identity of Det. Tranchina. As an initial matter, as previously explained, plaintiff did not file his complaint in this action until ***one day*** prior to the expiration of the statute of limitations on his malicious prosecution and municipal liability claims and well after the statute of limitations expired on his malicious abuse of process and intentional infliction of emotional distress claims. Therefore, "[b]y filing his action so close to the end of the limitations period, the plaintiff assumed the common risk of discovery delays, and should have taken more proactive measures to prevent his claims from lapsing." *Felmine v. City of New York*, No. 09-CV-3768 (CBA) (JO), 2011 U.S. Dist. LEXIS 111553, at *16 (E.D.N.Y. Sept. 29, 2011).

    Moreover, where plaintiff's efforts to ascertain a "John Doe" defendant comes after the statute of limitations has already run, and there is no evidence that plaintiff was "stymied in

---

[1] Plaintiff's reply letter was filed nine days after defendants filed their response letter in opposition to plaintiff's motion for leave to file a second amended complaint.

efforts made before the limitations period expired," plaintiff's failure to timely name a "John Doe" defendant cannot be properly characterized as a "mistake" for the purposes of Rule 15(c). *Rivera v. City of New York*, No. 07 Civ. 5999 (DAB), 2010 U.S. Dist. LEXIS 27603, at *9 (S.D.N.Y. Mar. 17, 2001).

Furthermore, "to the extent some district courts have carved out exceptions to the rule in *Barrow* based on the facts of particular cases . . . that approach has never been expressly endorsed by the Second Circuit and appears to be outside the scope of the plain terms of Rule 15(c)(1)(C)." *Felmine v. City of New York.*, No. 09-CV-3768 (CBA)(JO), 2012 U.S. Dist. LEXIS 77299, at *13 n.2 (E.D.N.Y. June 4, 2012); *see also Feliciano v. County of Suffolk*, No. CV 04-5321 (JS) (AKT), 2013 U.S. Dist. LEXIS 44946, at *31 (E.D.N.Y. Mar. 28, 2013).

In any event, contrary to plaintiff's false assertions, plaintiff has been aware of Det. Tranchina's identity and his role in the underlying criminal investigation, arrest and prosecution throughout the entirety of this litigation yet failed to amend his complaint within the time proscribed by the Court and further failed to request leave to amend until over two weeks following Det. Tranchina's deposition.

As previously explained, plaintiff was on notice that Det. Tranchina authored and signed the criminal court complaint at least as early as February 26, 2016. *See* Docket No. 18 at 7. Furthermore, on June 30, 2016, well within the deadline set by the Court for Initial Disclosures, defendants disclosed ample paperwork, including the arrest report, complaint follow-up reports, and the criminal complaint, which clearly indicated that Det. Tranchina was the lead investigator and arresting officer concerning plaintiff's arrest.[2] Therefore, plaintiff's claims that he could not ascertain Det. Tranchina's identity as a proper defendant until his deposition, which plaintiff failed to even request until September 2016, is beyond absurd.

Moreover, even a cursory review of Det. Tranchina's deposition transcript would demonstrate that plaintiff's counsel merely spent the deposition showing Det. Tranchina documents disclosed during discovery and having him confirm the events which they described. Plaintiff's counsel did not obtain any significant additional information whatsoever concerning Det. Tranchina's involvement that was not readily apparent from the documents disclosed during discovery.

In *Feliciano*, a case plaintiff relies upon in his reply letter, the Court held that because plaintiff "made no showing that Defendants engaged in delay tactics or failed to cooperate in the process of identifying the John Doe Defendants . . . there is no basis for finding an exception to *Barrow* in the current circumstances and the Court concludes that the time-barred claims do not relate back to the filing of the original Complaint." 2013 U.S. Dist. LEXIS 44946, at *31-32.

Quite simply, plaintiff's failure to timely name Det. Tranchina as a defendant is a result of his own neglect and lack of diligence. Accordingly, for the foregoing reasons, and for the reasons outlined in defendants' initial opposition letter, defendants respectfully request that plaintiff's motion for leave to file a second amended complaint be denied.

---

[2] In his reply letter, plaintiff does not contest the disclosure of these documents.

- 3 -

Thank you for your consideration.

                Respectfully submitted,

                /s/ Kavin Thadani_____

                Kavin Thadani
                Senior Counsel
                Special Federal Litigation Division

cc:    **VIA ECF**
       Javier Hidalgo, Esq.
       Kim Richman, Esq.
       *Attorneys for Plaintiff*