**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
**MAXIE DACOSTA,**

**Plaintiff,**

**-against-**

**CITY OF NEW YORK et al.,**

**Defendants.**
---------------------------------------------------------------x

**REPORT AND RECOMMENDATION**

**15-CV-5174 (JBW)**

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

In this civil rights action, plaintiff Maxie DaCosta ("plaintiff") seeks permission to amend his complaint to add Detective Fortunato Tranchina ("Tranchina") as a named defendant. Defendants City of New York and Detective David Shapiro (collectively, the "named defendants")[1] oppose the request, contending that the amendment is futile because the pertinent statutes of limitations have expired and the amendment would not relate back to the filing of the original complaint. Plaintiff rejoins that he failed to timely amend the complaint only because defendants obstructed his efforts to identify the proper parties. For the following reasons, plaintiff's motion should be denied.[2]

---

[1] As discussed below, plaintiff has also sued a number of "John Doe" defendants.

[2] Though the Second Circuit has not yet definitively ruled on the issue, the "'weight of authority' in this Circuit treats rulings on motions to amend pleadings as nondispositive, and subject to review under Rule 72(a) of the Federal Rules of Civil Procedure ('FRCP')—at least where the denial of leave to amend does not foreclose potential claims." Ahmed v. Astoria Bank, No. 14-CV-4596 (JBW), 2015 WL 4394072, at *1 n.1 (E.D.N.Y. July 16, 2015) (citing Wilson v. City of N.Y., No. 06-CV-229 (ARR)(VVP), 2008 WL 1909212, at *3–4 (E.D.N.Y. Apr. 30, 2008)). Nevertheless, because the effect of the Court's holding here will be to foreclose plaintiff's potential claims against Tranchina, out of an abundance of caution, the Court will address plaintiff's motion in a report and recommendation. See, e.g., Children

(continued…)

## PROCEDURAL HISTORY

On April 24, 2008, defendant Shapiro and other New York City police officers arrested plaintiff for a robbery. See Amended Complaint (Mar. 18, 2016) ("Am. Compl.") ¶ 11, Electronic Case Filing Docket Entry ("DE") #20. At the time of his arrest, plaintiff was already incarcerated at Rikers Island for two other charges unrelated to the robbery (the "earlier charges"), for which plaintiff was ultimately found not guilty. See id. ¶ 12. Plaintiff contends that his prosecution for the robbery charge was a "malicious[]" effort, based on "falsified evidence[,]" to "coerce a false statement in connection with the earlier charges." Id. ¶¶ 21, 23. The parties do not dispute that the robbery charge (and any related charges) were dismissed, and thus terminated in plaintiff's favor, on September 6, 2012. See id. ¶ 24; Response (Jan. 11, 2017) ("Def. Opp'n") at 1, DE #47; Reply (Jan. 20, 2017) ("Pl. Reply"), DE #48.

Plaintiff initiated this litigation on September 5, 2015. See Complaint (Sept. 5, 2015), DE #1. In the now operative complaint, plaintiff asserts claims under 42 U.S.C. § 1983 for deprivation of federal civil rights, malicious abuse of process, malicious prosecution, and municipal liability, as well as a claim for intentional infliction of emotional distress under New

---

[2](…continued)
First Found., Inc. v. Martinez, No. 1:04-CV-927 (NPM), 2007 WL 4618524, at *4 (N.D.N.Y. Dec. 27, 2007) ("[D]enial of a motion to amend is dispositive in situations where the denial is based on futility, because such a motion is analyzed under the same standard as a motion to dismiss for failure to state a claim or a motion for summary judgment, both of which are dispositive motions."); Covington v. Kid, No. 94 Civ. 4234(WHP), 1999 WL 9835, at *2 (S.D.N.Y. Jan. 7, 1999) ("In this case, because Magistrate Judge Peck's order denying Plaintiff leave to amend the complaint foreclosed the potential claims against [the defendants sought to be added], it was dispositive.").

York state law. See Am. Compl. at 5–8. The pleading charges the named defendants, as well as twenty unidentified "John and Jane Doe" defendants. See id. at 1.

On January 9, 2017, plaintiff filed the instant motion, seeking permission to add Tranchina as a named defendant. See Letter Motion (Jan. 9, 2017) ("Pl. Mot."), DE #46; Proposed Second Amended Complaint (Jan. 9, 2017), DE #46-1.[3] Having deposed Tranchina since filing the previous Amended Complaint in March 2016, plaintiff states that "it is clear [that] Tranchina should be identified as a defendant . . . ." Id. at 2. Plaintiff contends that leave to amend should be granted under Rule 15(a) of the FRCP because, under that Rule, requests to amend should be granted "freely[,]" and "[n]one of the factors courts look to when denying [such] motions—undue prejudice, undue delay, bad faith or dilatory motive, or futility of the proposed amendment—are present here." Id. at 1.

Defendants oppose plaintiff's motion. See Def. Opp'n. They maintain that the proposed amendment is futile because the applicable limitations periods have expired and the new pleading would not relate back to the filing of the original complaint. See id. at 3. Specifically, defendants argue that, at the time plaintiff filed suit, the limitations periods had already expired for his claims of malicious abuse of process and intentional infliction of emotional distress. See id. at 2 n.2 (citing Skeene v. City of N.Y., No. 14-cv-6054 (ENV) (CLP), 2016 WL 927182 (E.D.N.Y. Mar. 7, 2016); Hadid v. City of N.Y., No. 15-CV-19 (WFK) (RER), 2015 WL 7734098 (E.D.N.Y. Nov. 30, 2015)). Moreover, according to defendants, the limitations period for plaintiff's remaining section 1983 claims expired one day

---

[3] Plaintiff also suggests, without explanation, that the proposed pleading "will otherwise narrow certain claims . . . ." Pl. Mot. at 2.

after plaintiff sued, after which plaintiff was precluded from substituting real persons for the "John Doe" defendants. See id. at 3 (citing, *inter alia*, Godlewska v. HDA, No. CV-03-3985 (DGT) (JMA), 2006 WL 1422410 (E.D.N.Y. May 18, 2006)).

Plaintiff counters that the proposed amendment is not futile. See Pl. Reply at 1. He claims that defendants have stymied his efforts to identify the proper defendants, and that "[p]laintiff should not be penalized for defendants' obstruction . . . ." Id. (quoting Archibald v. City of Hartford, 274 F.R.D. 371, 382 (D. Conn. 2011) (internal quotation marks and formatting omitted)). Plaintiff cites a variety of delays, purportedly occasioned by defendants' conduct, which followed their identification of Tranchina as a potential witness in their June 30, 2016 initial disclosures; plaintiff charges that defendants' alleged stonewalling prevented him from deposing Tranchina and thus ascertaining the need to amend at an earlier point in the litigation. See id. at 1–2 (citing, *inter alia*, Morales v. Cnty. of Suffolk, 952 F.Supp.2d 433 (E.D.N.Y. 2013)).

Defendants respond that plaintiff's failure to timely name Tranchina as a defendant is due solely to his own neglect. See Reply (Jan. 26, 2017) at 2, DE #50. In defendants' view, "by filing [the lawsuit] so close to the end of the limitations period, . . . plaintiff assumed the common risk of discovery delays, and should have taken more proactive measures to prevent his claims from lapsing." Id. at 1 (quoting Felmine v. City of N.Y., No. 09-CV-3768 (CBA)(JO), 2011 WL 4543268, at *6 (E.D.N.Y. Sept. 29, 2011) (internal formatting omitted)). "[P]laintiff has been aware of . . . Tranchina's identity and his role in the [events at issue] throughout the entirety of this litigation," they argue, "yet failed to amend his complaint within the time pr[e]scribed by the Court and further failed to request leave to amend until

over two weeks following . . . Tranchina's deposition." Id. at 2.

## DISCUSSION

"It is well-settled that a federal civil rights complaint must name the officials involved and be filed within the statute of limitations period."[4] Santiago v. City of N.Y., No. 15-cv-517, 2016 U.S. Dist. LEXIS 121871, at *12 (E.D.N.Y. Sept. 6, 2016), adopted in 2016 WL 5395837 (E.D.N.Y. Sept. 26, 2016), appeal docketed, No. 16-3586 (2d Cir. Oct. 24, 2016). Plaintiffs may not circumvent the limitations period with "John Doe" pleadings. See id. (quoting Aslandis v. U.S. Lines, Inc., 7 F.3d 1067, 1075 (2d Cir. 1993)); see also Godlewska, 2006 WL 1422410, at *3 ("'John Doe defendants' will not be used as place-holders for additional defendants." (internal formatting and citation omitted)).

Various limitations periods govern plaintiff's claims. Section 1983 actions filed in New York are subject to a three-year limitations period. Hogan v. Fischer, 738 F.3d 509, 517 (2d Cir. 2013). "[F]or claims based in malicious prosecution, this period starts to run only when the underlying criminal action is conclusively terminated[,]" Murphy v. Lynn, 53 F.3d 547, 548 (2d Cir. 1995), whereas for claims based in malicious abuse of process this period begins

---

[4] Plaintiff initially requested leave to amend pursuant to Rule 15(a) of the FRCP, which provides that leave to amend should be granted freely absent futility, undue delay, prejudice, or bad faith. See Pl. Mot. at 1. The appropriate standard, however, is that of Rule 16, since this Court entered a scheduling order setting a deadline of July 28, 2016 for the parties to amend their pleadings or add new parties. See Minute Entry (June 28, 2016), DE #29; see also Fed. R. Civ. P. 16(b)(1)(4). Accordingly, plaintiff must show good cause to justify his request to amend. See, e.g., Morales, 952 F.Supp.2d at 434. Furthermore, since plaintiff seeks to add a new party, his motion implicates Rule 20(a) and 21 of the FRCP. Regardless, "there is in practical terms little difference" among the three rules. Ahmed, 2015 WL 4394072, at *2 n.5 (collecting cases). Because futility is a basis for denial under each standard, the Court will focus on that issue here. But see *infra* p. 10 n.7.

to run at the time of arrest, see Hadid, 2015 WL 7734098, at *5. For claims of intentional infliction of emotional distress, New York law provides for a limitations period of one year and ninety days. Skeene, 2016 WL 927182, at *3.

Consequently, all applicable limitations periods in this case have expired: Whether measured from the date of plaintiff's arrest on the robbery charge, or the date on which the charge was terminated in his favor, the limitations period for his section 1983 claims expired no later than one day after plaintiff initiated this lawsuit, see Hogan, 738 F.3d at 517; Murphy, 53 F.3d at 548; Hadid, 2015 WL 7734098, at *5, and the limitations period for his intentional infliction of emotional distress claim had by then already expired, see Skeene, 2016 WL 927182, at *3.

Where, as here, the limitations period has expired, a plaintiff may amend the complaint to replace a "John Doe" defendant only if, pursuant to Rule 15(c) of the FRCP, the amended complaint relates back to the filing of the original complaint. Santiago, 2016 U.S. Dist. LEXIS 121871, at *12–13 (citing, *inter alia*, Hogan, 738 F.3d at 517). Rule 15(c) contains two subsections that are arguably relevant here. For the reasons that follow, plaintiff satisfies neither of those subsections.

The first, Rule 15(c)(1)(C), authorizes the addition of a new party after the limitations period has expired where, among other prerequisites, the party sought to be added "should have known that, *but for a mistake of identity*, the original action would have been brought against it . . . ." Hogan, 738 F.3d at 517 (quoting Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 469 (2d Cir. 1995) (emphasis added in Hogan)). "Under controlling Second Circuit precedent, 'Rule 15(c)[(1)(C)] does not allow an amended complaint adding new defendants to

relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities.'" Harris v. City of N.Y., No. 13 Civ. 7788 (LGS), 2016 U.S. Dist. LEXIS 12872, at *12 (S.D.N.Y. Feb. 3, 2016) (quoting Sewell v. Bernardin, 795 F.3d 337, 342 (2d Cir. 2015)); see also Godlewska, 2006 WL 1422410, at *3 ("An amendment to a complaint replacing 'John Doe' defendants with real persons must be made before the statute of limitations period expires."). Plaintiff cannot meet this requirement, inasmuch as "the lack of knowledge of a John Doe defendant's name does not constitute a 'mistake of identity.'" Hogan, 738 F.3d at 518 (citing Barrow, 66 F.3d at 470). Accordingly, under Rule 15(c)(1)(C), the substitution of Tranchina for a "John Doe" defendant would not relate back to the filing of the original complaint. See id.

Rule 15(c)(1)(A), a different subsection of Rule 15(c) cited by neither of the parties, permits relation-back where the body of law giving rise to the applicable statute of limitations—here, New York state law—"provides a 'more forgiving principle of relation back' in the John Doe context . . . ." Hogan, 738 F.3d at 519 (quoting Fed. R. Civ. P. 15 advisory committee's notes to 1991 amendment). Section 1024 of New York's Civil Practice Law and Rules ("CPLR") creates special procedures for claims alleged against John Doe defendants. See id. (citing N.Y. C.P.L.R. § 1024). However, in order to take advantage of the mechanism provided under section 1024, the party seeking to amend its pleading must meet two requirements, including having "exercised due diligence, prior to the running of the statute of limitations, to identify the defendant by name." Id. (citations and internal formatting and

quotation marks omitted); accord Santiago, 2016 U.S. Dist. LEXIS 121871, at *15.[5]

In light of the foregoing, plaintiff has not satisfied the prerequisites to relation-back under New York law, which requires that he show that defendants engaged in obstructive tactics *before* the limitations period expired. Compare Archibald, 274 F.R.D. at 382 ("Well before the end of the three-year limitations period, [plaintiff's] counsel made numerous attempts to learn the names of the officers[,] . . . [but] [e]ach of those efforts . . . was either completely rebuffed or substantially delayed by defense counsel."); and Byrd v. Abate, 964 F.Supp. 140, 145–46 (S.D.N.Y. 1997) ("[Plaintiff] made a series of efforts to obtain the identities of the individual officer without prompting, and well before the end of the limitations period[,]" but defense counsel "did not comply until after the limitations period had run."), with Felmine, 2011 WL 4543268, at *6 ("[P]laintiff makes no showing that he relied to his detriment, *prior to* the [limitations] expiration date, on any statement or omission made by defense counsel." (emphasis added)); and Rivera v. City of N.Y., No. 07 Civ. 5999(DAB), 2010 WL 1253983, at *4 (S.D.N.Y. Mar. 17, 2010) (finding plaintiffs' efforts "prior to"

---

[5] Prior to the Second Circuit's decision in Hogan, some lower courts within the Circuit conducted a relation-back analysis similarly focused on plaintiff's due diligence; however, instead of relying on CPLR § 1024, those courts cited principles of equitable estoppel: A plaintiff would not be permitted to substitute a named defendant for a John Doe absent a finding that, despite plaintiff's diligent efforts to identify the John Doe, defendants prevented plaintiff from "obtaining [that information] in time to amend his complaint *before* the limitations period expired." Felmine, 2011WL 4543268, at *5–6 (emphasis added); see also Feliciano v. Cnty of Suffolk, No. CV 04-5321(JS)(AKT), 2013 WL 1310399, at *10 (E.D.N.Y. Mar. 28, 2013) ("Although not yet endorsed by the Second Circuit, some district courts have found an exception to the [relation-back rule for 'John Doe' defendants] in situations where the defendants withheld identifying information or unreasonably delayed in producing such information." (citation omitted)). Because plaintiff's proposed amendment fails under either label, this opinion treats the two lines of analysis as interchangeable.

expiration of the limitations period "insufficient" to excuse their failure to identify "John Doe" defendants); and Cole v. Miraflor, No. 99 CIV 977 RWS, 2001 WL 138765, at *5 (S.D.N.Y. Feb. 19, 2001) (denying motion to amend absent evidence that plaintiff was "stymied in efforts made *before* the limitations period expired to identify [the proper defendant]" (emphasis added)).

In the instant action, defendants' purported dilatory tactics do not support relation-back. Plaintiff makes much of defendants' failure to produce Tranchina for deposition until December 23, 2016, after having identified Tranchina as a potential witness in their June 30, 2016 disclosures. See Pl. Reply at 2. But even accepting as true all of plaintiff's allegations in this regard, none of defendants' purported dawdling preceded the expiration of the various limitations periods. Cf., e.g., Rivera, 2010 WL 1253983, at *4. Plaintiff may rightly respond that, in the single day before the limitations period for his malicious prosecution claims expired,[6] defendants could have erected few obstacles to his identifying Tranchina. But "by filing his action so close to the end of the limitations period, . . . plaintiff assumed the common risk of discovery delays, and should have taken more proactive measures to prevent his claims from lapsing." Felmine, 2011 WL 4543268, at *6. That is, plaintiff had three years to identify the proper defendants to this action and bring this lawsuit, but failed to do so, and the Court cannot attribute that delay to defendants. See Santiago, 2016 WL 5395837, at *3 ("Nothing in the briefing papers suggests that [p]laintiff or his counsel attempted to ascertain the identities of the John Doe [d]efendants prior to the running of the statute of limitations."

---

[6] As shown by the discussion *supra* at p. 5–6, the limitations periods for plaintiff's remaining claims had expired before he initiated this lawsuit.

(emphasis in original)). Accordingly, plaintiff's proposed amendment is futile.[7]

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends that plaintiff's motion to amend his pleadings to add a new defendant be denied.

Any objections to this Report and Recommendation must be filed with the Honorable Jack B. Weinstein on or before **February 24, 2016**. Failure to file objections in a timely manner may waive a right to appeal the District Court order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*).

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**February 10, 2016**

/s/ Roanne L. Mann

**ROANNE L. MANN**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[7] Moreover, even if the amendment were not time-barred, plaintiff has not shown good cause under Rule 16 for failing to add Tranchina as a defendant prior to the July 28, 2016 court-imposed deadline for amending the pleadings. It is undisputed that on June 30, 2016, defendants served plaintiff with documentation—including the arrest report, complaint follow-up reports, and criminal complaint—which reflected that Tranchina was the lead investigator and arresting officer with respect to plaintiff's arrest. See Def. Opp'n at 2 n.4. Nevertheless, while faulting defense counsel for impeding the deposition of Tranchina and thus delaying plaintiff's motion to amend, plaintiff acknowledges that his efforts to depose Tranchina did not commence until September 14, 2016, see Pl. Mot. at 2—well after the expiration of the Court's July 30th deadline for amending the pleadings.