1:15-cv-05174-JBW-RLM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MAXIE DACOSTA,

                                         Plaintiff,

-against-

THE CITY OF NEW YORK, DETECTIVE DAVID SHAPIRO (Shield #6054), and P.O.'s "JOHN AND JANE DOE" #1 through #20, individually and in their official capacities (the names "John and Jane Doe" being fictitious, as their true names of these individuals are presently unknown),

                                         Defendants.

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Kavin Thadani*
*Tel: (212) 356-2351*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MAXIE DACOSTA,

                                                                                Plaintiff,

-against-

THE CITY OF NEW YORK, DETECTIVE DAVID
SHAPIRO (Shield #6054), and P.O.'s "JOHN AND JANE
DOE" #1 through #20, individually and in their official
capacities (the names "John and Doe" being fictitious,
as their true names of these individuals are presently
unknown),

                                                                                Defendants.

------------------------------------------------------------------------ x

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

1:15-cv-05174-JBW-RLM

       Defendants City of New York ("City") and David Shapiro ("Shapiro"), by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, respectfully submit this Reply Memorandum of Law in further support of their motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

       In his opposition memorandum, plaintiff concedes that his malicious abuse of process and intentional infliction of emotional distress claims are time-barred and he withdrew his municipal liability claim against the City. *See* Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment ("Pl. Opp.") at 18. Therefore, plaintiff's only remaining claim is for malicious prosecution against Shapiro. However, plaintiff also concedes in his opposition memorandum that Shapiro had no personal involvement in plaintiff's arrest or prosecution, or in the investigation which led to plaintiff's arrest or prosecution. *See, e.g., id.* at 13. Therefore, plaintiff's malicious prosecution claim against Shapiro should also be dismissed.

Plaintiff's malicious prosecution claim should also be dismissed because there was probable cause to prosecute plaintiff based on a victim's identification of plaintiff on three separate occasions and because plaintiff is unable to rebut the presumption of probable cause created by the indictment.

Accordingly, defendants' motion for summary judgment should be granted in its entirety.

## ARGUMENT

### POINT I

### PLAINTIFF'S MALICIOUS PROSECUTION CLAIM SHOULD BE DISMISSED

**A. Det. Shapiro Did Not Initiate Plaintiff's Prosecution**

Plaintiff concedes that Shapiro did not directly participate, nor was he otherwise personally involved, in plaintiff's arrest or prosecution, or the investigation which led to plaintiff's arrest and prosecution. *See, e.g.,* Pl. Opp. at 13. As plaintiff's malicious prosecution claim is only asserted against Shapiro, his claim must therefore be dismissed.

**B. There Was Probable Cause To Prosecute Plaintiff**

Plaintiff's malicious prosecution claim should also be dismissed because there was probable cause to prosecute plaintiff. Plaintiff concedes that one of the robbery victims recognized plaintiff on a television news broadcast as the individual who robbed the store at which he was employed and immediately contacted the police accordingly. *See, e.g., id.* at 2. Plaintiff further concedes that the victim subsequently identified plaintiff in a photo array and in a lineup. *See, e.g., id.* Therefore, plaintiff's malicious prosecution claim should be dismissed because "information furnished by a single complainant can establish probable cause when the information comes from a victim who provides specific details of a crime." *Sheikh v. City of*

*New York, Police Dep't*, No. 03-CV-6326 (NGG), 2008 U.S. Dist. LEXIS 107049, at *18 (E.D.N.Y. Dec. 5, 2008) (internal quotation marks and citation omitted).

Plaintiff's contention that the victim's identification of plaintiff was a result of an unduly suggestive identification procedure is nonsensical, particularly where, as here, it is undisputed that the victim contacted the police on his own accord in order to notify them that he recognized plaintiff as the individual who committed the robbery on a television news broadcast. Thus, the victim's initial identification of plaintiff was made without any involvement by the police whatsoever. At that point, before any further identification procedure was conducted, there was probable cause to arrest and prosecute plaintiff.

Plaintiff's contention that probable cause was somehow vitiated because other victims did not identify plaintiff as the individual who committed the robbery is also without merit. *See, e.g., Radin v. City of New York*, No. 14-cv-7347 (NG) (RLM), 2016 U.S. Dist. LEXIS 95955, at *9 (E.D.N.Y. July 21, 2016) ("[I]n this case, that some victims did not identify plaintiff does not vitiate the probable cause that resulted from the identifications by [the others victims]."); *Dufort v. City of New York*, No. 12-CV-2283 (SMG), 2016 U.S. Dist. LEXIS 56719, at *8, 17 (E.D.N.Y. Apr. 28, 2016) (concluding that probable cause existed despite only one of six witnesses positively identifying plaintiff from a lineup).

Indeed, "[t]he Second Circuit has held consistently that conflicting accounts of a crime do not vitiate the probable cause established by an eyewitness identification . . . of a crime." *Crews v. County of Nassau*, 996 F. Supp. 2d 186, 205 (E.D.N.Y. 2014) (citing cases); *see also, e.g., Curley*, 268 F.3d at 70 (conflicting accounts of arrestee and two eyewitnesses did not undermine probable cause established by eyewitness's statements inculpating arrestee).

Rather, "when an arresting officer is faced with competing accounts from different eyewitnesses, an officer is entitled to make an arrest based on believing the testimony of one side or the other." *Pawlicki v. City of Ithaca*, 993 F. Supp. 140, 145 (N.D.N.Y. 1998). Although conflicting evidence may be relevant to the issue of whether guilt beyond a reasonable doubt could have been proved at a criminal trial, it has no bearing on whether there was sufficient evidence to show probable cause to believe that plaintiff committed the charged crimes. *See, e.g., Gisondi v. Harrison*, 528 N.E.2d 157, 160 (N.Y. 1988).

Furthermore, contrary to plaintiff's assertions, it is well settled that "once a police officer has a reasonable basis for believing there is probable cause, he is not required to explore or eliminate every theoretically plausible claim of innocence before making an arrest." *Curley v. Village of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (internal quotation marks and citation omitted).

Accordingly, plaintiff's malicious prosecution claims should be dismissed because there was probable cause to prosecute plaintiff as a matter of law. In addition, there was at least "arguable probable cause" to prosecute plaintiff because it was certainly objectively reasonable to believe there was probable cause to prosecute plaintiff on the basis of the multiple identifications of plaintiff by one of the robbery victims, regardless of whether there were any conflicting eyewitness accounts or not. *See, e.g., Benn v. Kissane*, 510 F. App'x 34, 38 (2d Cir. 2013) (finding defendant officers entitled to qualified immunity for arrest and prosecution of plaintiff for arson despite differing eyewitness accounts).

### C. Plaintiff Is Unable To Rebut The Presumption Of Probable Cause Created By The Indictment

Plaintiff's claim that the robbery investigation was inadequate does not rebut the presumption created by the indictment. In order to rebut the presumption, plaintiff must prove that "the indictment was produced by fraud, perjury, the suppression of evidence or other police

conduct undertaken in bad faith." *Colon v. City of New York*, 455 N.E.2d 1248, 1251 (N.Y. 1983). However, even where "further avenues of investigation were open to the police . . . their failure to pursue the investigation is not the equivalent of fraud or the suppression of evidence." *Id.* at 1251.

Plaintiff's reliance on *Haynes v. City of New York*, 815 N.Y.S.2d 143 (N.Y. App. Div. 2006) is misplaced because in *Haynes*, the court found that the presumption of probable cause was rebutted because the police's conduct "deviated so drastically from proper police procedure as to demonstrate an intentional or reckless disregard for proper procedures." Certainly that is not the case here.

Accordingly, plaintiff is unable to rebut the presumption of probable cause created by the indictment and, therefore, his malicious prosecution claim should be dismissed.

### D. Plaintiff's Attempts to Untimely Re-Litigate Issues Already Decided by the Court Should Be Denied

Throughout his opposition memorandum, plaintiff repeatedly refers to the actions of Detective Fortunato Tranchina ("Tranchina"), who is not a defendant in this case. Plaintiff further attempts to relitigate arguments and issues concerning Tranchina's viability as a proper defendant in this case and concerning discovery that have already been considered and rejected by the Court. Indeed, as plaintiff notes, Magistrate Judge Roanne L. Mann issued a Report and Recommendation ("R&R") recommending that plaintiff's motion to amend his complaint to add Tranchina as a defendant be denied, *see* Docket No. 59, and, as plaintiff fails to note, also denied plaintiff's attempts to untimely obtain additional discovery. *See* Docket No. 53.

Although Magistrate Judge Mann ordered that "[a]ny objections to this R&R must be filed with the Honorable Jack B. Weinstein on or before **February 24, 201[7]**. Failure to file objections in a timely manner may waive a right to appeal the District Court order," Report &

Recommendation at 10, Docket No. 59 (emphasis in original), plaintiff has now, 46 days later, improperly "objected" to the R&R in his opposition memorandum for the first time, though plaintiff has done little more than rehash the arguments previously raised and addressed. Plaintiff's delay in this respect is just the latest example of plaintiff's pattern of neglect and delay with respect to his frivolous claims in this case. As previously explained, and as the Court has previously acknowledged, plaintiff materially misrepresents the procedural history of this case, the underlying facts, and the well-settled law in the hopes that the Court may disregard the law and excuse his unreasonable neglect and delay in pursuing his claims.

For the sake of brevity and to avoid needless repetition, defendants respectfully refer the Court to their prior submissions concerning plaintiff's motion for leave to amend, *see* Docket Nos. 47, 49, 50, and concerning plaintiff's motion for untimely discovery. *See* Docket No. 51. But, in short, contrary to his contentions, plaintiff's failure to timely amend and name Tranchina, and plaintiff's failure to timely conduct discovery, is due to his own neglect and lack of due diligence, and in no way attributable to any alleged obstruction by defendants.

In any event, as explained, even were plaintiff granted leave to amend his complaint to add Tranchina as a defendant in this action, amendment would be futile because plaintiff's malicious prosecution claim should still be dismissed because there was ample probable cause to prosecute plaintiff on the basis of multiple identifications of plaintiff by one of the robbery victims and because plaintiff is unable to rebut the presumption of probable cause created by the indictment.

## **CONCLUSION**

For the foregoing reasons, and for the reasons outlined in defendants' memorandum of law in support of their motion for summary judgment, defendants City and Shapiro respectfully request that the Court grant their motion for summary judgment in its entirety, with prejudice, together with costs and fees the Court deems just and proper.

Dated: New York, New York
       April 25, 2017

                              ZACHARY W. CARTER
                              Corporation Counsel of the City of New York
                              *Attorney for Defendants*
                              100 Church Street
                              New York, New York 10007
                              (212) 356-2351

                 By:   /s/ Kavin Thadani
                         Kavin Thadani
                         Senior Counsel
                         Special Federal Litigation Division

TO:   **VIA ECF**
       Kim Richman, Esq.
       Javier Hidalgo, Esq.
       *Attorneys for Plaintiff*