1:15-cv-05174-JBW-RLM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MAXIE DACOSTA,

                                                        Plaintiff,

-against-

THE CITY OF NEW YORK, DETECTIVE DAVID SHAPIRO (Shield #6054), and P.O.'s "JOHN AND JANE DOE" #1 through #20, individually and in their official capacities (the names "John and Jane Doe" being fictitious, as their true names of these individuals are presently unknown),

                                                       Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Kavin Thadani*
*Tel:  (212) 356-2351*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

LOCAL CIVIL RULE 6.3 STANDARD FOR RECONSIDERATION ........................................ 3

ARGUMENT

    POINT I

        THE COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT BECAUSE NEITHER THE OFFICE OF THE CORPORATION COUNSEL NOR DEFENDANTS WERE ON NOTICE THAT DETECTIVE TRANCHINA WAS INVOLVED IN THE UNDERLYING CRIMINAL CASE DURING THE APPLICABLE LIMITATIONS PERIOD AND BECAUSE DETECTIVE TRANCHINA was not ON NOTICE OF THE LAWSUIT PRIOR TO THE EXPIRATION OF THE STATUTE OF LIMITATIONS ................................................................................. 4

    POINT II

        PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT SHOULD ALSO BE DENIED BECAUSE THE PLAINTIFF WAS AWARE OF DETECTIVE TRANCHINA'S INVOLVEMENT AND PURPOSELY CHOSE NOT TO NAME HIM AS A DEFENDANT WITHIN THE APPLICABLE LIMITATIONS PERIOD ....................................................................... 11

CONCLUSION ................................................................................................................. 12

## TABLE OF AUTHORITIES

**Cases**                                                                                                      **Page(s)**

*Buran v. Coupal*,
   661 N.E.2d 978 (N.Y. 1995).................................................................................................10, 11

*Cabbie v. Rollieson*,
   No. 04 Civ. 9413 (LTS)(FM),
   2006 U.S. Dist. LEXIS 7385 (S.D.N.Y. Feb. 24, 2009).............................................................6

*Krupski v. Costa Crociere S.p.A.*,
   560 U.S. 538 (2010)................................................................................................................10

*Medisim Ltd. v. BestMed LLC*,
   No. 10 Civ. 2463 (SAS),
   2012 U.S. Dist. LEXIS 56800 (S.D.N.Y. Apr. 23, 2012)............................................................3

*Shrader v. CSX Transp., Inc.*,
   70 F.3d 255 (2d Cir. 1995)........................................................................................................3

**Statutes**

Local Civil Rule 6.3...................................................................................................................1, 3

New York Criminal Procedure Law § 160.50 ...............................................................5, 6, 7, 8, 9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

| | |
|---|---|
| MAXIE DACOSTA,<br><br>                                   Plaintiff,<br><br>         -against-<br><br>THE CITY OF NEW YORK, DETECTIVE DAVID SHAPIRO (Shield #6054), and P.O.'s "JOHN AND JANE DOE" #1 through #20, individually and in their official capacities (the names "John and Jane Doe" being fictitious, as their true names of these individuals are presently unknown),<br><br>                                   Defendants. | **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION**<br><br>1:15-cv-05174-JBW-RLM |

------------------------------------------------------------------------ x

Defendants City of New York ("City") and David Shapiro ("Shapiro"), by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, respectfully submit this Memorandum of Law in support of their motion for reconsideration pursuant to Rule 6.3 of the of the Local Civil Rules of the United States District Court for the Southern and Eastern Districts of New York.

## **PRELIMINARY STATEMENT**

By Order dated November 8, 2017, the Court granted plaintiff's motion for leave to amend the complaint to name Detective Fortunato Tranchina as a defendant in place of defendant Shapiro, reversing Magistrate Judge Mann's Report and Recommendation. *See* Docket No. 84. Defendants City and Shapiro now respectfully move for reconsideration pursuant to Rule 6.3 of the Local Civil Rules of the United States District Court for the Southern and Eastern Districts of New York.

The Office of the Corporation Counsel and defendants take their ethical and legal obligations very seriously.  As such, any decision which finds that this Office acted unethically is troubling both to the Office as a whole and the attorneys involved.  However, in reaching its decision, the Court overlooked a critical fact, which led the Court to believe that this Office had notice of a fact that it did not have, which has resulted in the Court shifting the blame for plaintiff's counsel's lack of diligence in filing and pursuing plaintiff's lawsuit over the course of the past five years onto the defendants who, at all times, fully and timely complied with both their legal and ethical obligations.

It was plaintiff's dilatory tactics, not defendants, that prevented the Office of the Corporation Counsel and defendants from learning what plaintiff and plaintiff's counsel knew or should have known along.  Specifically, plaintiff's counsel repeatedly refused to produce a timely release permitting disclosure of plaintiff's sealed arrest records.  Absent such release, neither the Office of the Corporation Counsel nor the defendants were on notice, or legally could have been on notice, that Detective Tranchina was a potential defendant.  As such, this Office was not in a position to alert Detective Tranchina that he may be added as a party to the lawsuit until after the statute of limitations had expired.

In fact, it was not until three months after the statute of limitations has expired, and then only under threat of sanctions by the Court, that plaintiff's counsel finally furnished the requisite release.  Yet, here again, plaintiff's counsel failed to act promptly.  Although the documents produced during discovery clearly identify Detective Tranchina as both the investigating and arresting officer for the robbery charges, plaintiff failed to take timely measures to name Detective Tranchina as a party.  Instead, after receiving the pertinent paperwork establishing that plaintiff had named the wrong individual, plaintiff ignored the Court-ordered deadline to amend

the complaint to add new parties and waited nearly an additional six months to move to amend the complaint to add Detective Tranchina as a party. From the very beginning, the fault for the delay in identifying Detective Tranchina lies squarely with plaintiff.

Indeed, absent negligence or reckless disregard on the part of plaintiff's counsel, the only other explanation is that plaintiff purposely chose not to name Detective Tranchina as a defendant within the applicable limitations period. Again, prior to producing the release, which defendants requested on at least six occasions over the span of two and a half years, and which the Court directed plaintiff to provide on three separate occasions, only plaintiff knew of Detective Tranchina's involvement. Whether plaintiff's failure to name him as a defendant was strategic or neglect, the result should be the same. Because neither this Office nor Detective Tranchina had notice that Detective Tranchina was a proper party, plaintiff's claims against Detective Tranchina do not relate back and, accordingly, plaintiff's motion for leave to amend should be denied.[1]

## LOCAL CIVIL RULE 6.3 STANDARD FOR RECONSIDERATION

A motion for reconsideration should be granted where "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Pursuant to Rule 6.3 of Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, the Court may grant a motion to reconsider a prior decision to "'correct a clear error or prevent manifest injustice.'" *Medisim Ltd. v. BestMed LLC*, No. 10 Civ. 2463 (SAS), 2012 U.S. Dist. LEXIS 56800, at *2 -*3 (S.D.N.Y. Apr. 23, 2012) (citation omitted). As explained below, there are two separate matters

---

[1] Defendants also respectfully submit that, in its Order, the Court has misapplied the applicable and controlling law and, therefore, reserves the right to object on those grounds.

3

that defendants respectfully submit that the Court overlooked that "might reasonably be expected to alter the conclusion reached."

## ARGUMENT

### POINT I

**THE COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT BECAUSE NEITHER THE OFFICE OF THE CORPORATION COUNSEL NOR DEFENDANTS WERE ON NOTICE THAT DETECTIVE TRANCHINA WAS INVOLVED IN THE UNDERLYING CRIMINAL CASE DURING THE APPLICABLE LIMITATIONS PERIOD AND BECAUSE DETECTIVE TRANCHINA WAS NOT ON NOTICE OF THE LAWSUIT PRIOR TO THE EXPIRATION OF THE STATUTE OF LIMITATIONS**

The Court's holding that plaintiff's Second Amended Complaint, seeking to add Detective Tranchina as a defendant, relates back to the filing of plaintiff's original complaint relies on two errors of fact. First, that the Office of the Corporation Counsel knew or should have known, prior to the expiration of the statute of limitations, that Detective Tranchina was a proper party, and second, that this Office was the cause of the delay in identifying Detective Tranchina. As a result, in its Order, the Court held, *inter alia*, that "it was the Corporation Counsel's duty to bring to the attention of Plaintiff's counsel before the filing of the civil 1983 complaint in a clear way all of the documents and information that showed that Detective Tranchina should have been named as a defendant." Memorandum and Order at 51, Docket No. 84. The Court further held that "[p]laintiff was not afforded the opportunity to file his initial complaint against the correct officer because the Corporation Counsel did not supply him with the necessary information to do so." *Id.*

4

In reaching its decision, the Court overlooked a critical fact. As is often the situation in cases alleging civil rights violations, the criminal record detailing the facts at issue in the subsequent civil lawsuit is sealed. Absent a signed release, the City does not have access to the pertinent facts. As explained below, plaintiff's counsel ignored the defendants' repeated requests for a signed release. Indeed, plaintiff's counsel did not provide this release until three months after the statute of limitations expired, and even then only after being directed to do so by the Court or face sanctions.

Because of plaintiff's counsel's delay, the Office of the Corporation Counsel did not have access to the information the Court now faults it for not turning over during the applicable statute of limitations. As such, even assuming, *arguendo*, there was an obligation to advise plaintiff, who has been represented by counsel since at least January 2013, *see* Transcript of Oral Argument at 40:3-8, who he should name as a defendant(s), neither the Office of the Corporation Counsel nor the defendants could have met that obligation without violating the law, specifically New York Criminal Procedure Law § 160.50.[2]

Pursuant to New York Criminal Procedure Law § 160.50(1),

> [u]pon the termination of a criminal action or proceeding against a person in favor of such person . . . the record of such action or proceeding shall be sealed and the clerk of the court wherein such criminal action or proceeding was terminated shall immediately notify the commissioner of the division of criminal justice services

---

[2] It should also be noted that neither in his Notice of Claim (which did not even relate to his robbery arrest and prosecution), 50-h testimony or complaint did plaintiff provide sufficient information to identify Detective Tranchina without the assistance of sealed records. For example, plaintiff did not provide a rank, badge or shield number, or any physical description of Detective Tranchina.

In addition, defendant Shapiro could not have identified Detective Tranchina because he did not know who Detective Tranchina was and did not know that Detective Tranchina was involved in the robbery investigation. *See* Shapiro Dep. at 28:23-24, 34:7-35:4, annexed to the Declaration of Kavin Thadani dated November 22, 2017 ('Thadani Decl.") as Exhibit A.

5

> and the heads of all appropriate police departments and other law enforcement agencies that the action has been terminated in favor of the accused, and unless the court has directed otherwise, that the record of such action or proceeding shall be sealed."

Section 160.50(1) further states that "[u]pon receipt of notification of such termination and sealing . . . ***all official records and papers*** . . . ***relating to the arrest or prosecution*** . . . on file with the division of criminal justice services, any court, police agency, or prosecutor's office ***shall be sealed*** and ***not made available to any person or <u>public</u> or private agency***." N.Y. Crim. Pro. Law § 160.50(1)(c) (emphasis added).

However, the Criminal Procedure Law provides that "such records shall be made available to the person or accused or to such person's designated agent." N.Y. Crim. Pro. Law § 160.50(1)(d). Thus, a plaintiff "has a form of limited control over the sealed documents since he can, by executing [a] release[], cause the [sealed] files to be made accessible to the City." *Cabbie v. Rollieson*, No. 04 Civ. 9413 (LTS)(FM), 2006 U.S. Dist. LEXIS 7385, at *27-28 (S.D.N.Y. Feb. 24, 2009) (noting that, pursuant to § 160.50, the City's own files and records are sealed and thus not in the City's "possession, custody and control," and that the City is unable to access such files and records without a proper release).[3]

On May 17, 2013, counsel appearing on behalf of the City at the hearing held pursuant to General Municipal Law Section 50-h explicitly requested a § 160.50 release from plaintiff's counsel. *See* 50-h Hearing Transcript at 36:4-16, Thadani Decl., Ex. B. Plaintiff's counsel responded that he would take the request "under advisement," however plaintiff never did produce the requested release, despite the representation that the request would be "resolved quickly." *Id.* at 36:17-19. As a result of plaintiff's failure to produce the requisite release,

---

[3] The New York Courts website also describes who has access to sealed records. *See* Sealed Criminal Records, http://www.nycourts.gov/courthelp/criminal/sealedrecords.shtml (last visited Nov. 22, 2017).

6

neither the Office of the Corporation Counsel nor defendant City was able to access any records which would assist in identifying Detective Tranchina as a potential defendant.

Even after plaintiff's lawsuit was filed, plaintiff continued to ignore defendants' requests for a signed release. As explained in defendant City's letter dated October 1, 2015, which sought an extension of time to answer or otherwise respond to plaintiff's complaint, defendant City was unable to request and review the underlying police, district attorney and criminal court records because "[a]s plaintiff alleges that the criminal charges against him were dismissed, all records pertaining to the incident would be sealed pursuant to New York [Criminal] Procedure Law § 160.50" Docket No. 12. Thus, defendant City explained that it was "in the process of obtaining a validly executed § 160.50 release." *Id.* This letter was filed just two weeks after the City was served with the complaint.

On October 1, 2015, the Court granted defendant City's application and further ordered that "[c]ounsel are directed to promptly arrange for the preparation, execution and processing of the referenced release." *See* Civil Docket Sheet. In accordance with that Order, defendant City requested, by letter dated October 2, 2015, that plaintiff execute a § 160.50 release and return the release within one week. *See* Oct. 2, 2015 Letter, Thadani Decl., Ex. C. Defendant City further explained that "[u]ntil the executed designation is received by this office, we cannot secure the relevant documents" and that "[y]our failure to promptly return this release will unduly delay this litigation." *Id.*

Once again, plaintiff failed to provide the requested release, forcing the City, on November 9, 2015, to send another letter requesting that plaintiff execute a § 160.50 release and return the release within one week. *See* Nov. 9, 2015 Letter, Thadani Decl., Ex. D. This letter again explained that "until the executed designation is received by this office, we cannot secure

7

the relevant documents" and further cautioned that "[y]our failure to promptly return this designation continues to delay this litigation." *Id.*[4]

Despite these repeated requests, plaintiff still did not produce a § 160.50 release, necessitating a second request for an extension of time to answer or otherwise respond to plaintiff's complaint.[5] *See* Docket No. 14. This second request was filed on December 4, 2015. *See id.*

On December 7, 2015, the Court granted defendant City's application and directed plaintiff "on pai[n] of sanctions, to provide defense counsel with a validly executed release by December 10, 2015." *See* Civil Docket Sheet.

Plaintiff, after being threatened by the Court with sanctions, and after failing to previously produce the release after *six requests*, dating back more than two and a half years, to May 17, 2013, finally produced the § 160.50 release on December 10, 2015. *See* Dec. 10, 2015 E-mail, Thadani Decl., Ex. F.

Although the Court found that "[p]laintiff demonstrated good cause in failing to add Detective Tranchina prior to the July 28, 2016 deadline for amending pleadings because of the dilatory tactics by Corporation Counsel," Memorandum and Order at 54, Docket No. 84, the record in no manner supports this finding.

To the contrary, it was plaintiff, and not defendants, who delayed the proceedings. It was not until after the release was finally received that defendants were able to request, obtain, and

---

[4] Defendant City also followed up for the § 160.50 release by e-mail on October 27, 2015, explaining that, without the release, "we will not be able to access the relevant paperwork." E-mail Correspondence, Thadani Decl., Ex. E.

[5] Defendant City also followed up for the § 160.50 release by e-mail on November 19, 2015 and December 3, 2015, explaining that "[s]ince we still do not have the 160.50, we haven't had access to any documents." *See* E-mail Correspondence, Thadani Decl., Ex. E.

8

review the documents that revealed Detective Tranchina's involvement in the underlying investigation and arrest.[6] Shortly after that time – certainly by February 26, 2016, when defendants filed a motion to dismiss explaining, *inter alia*, that Detective Tranchina signed the criminal court complaint, *see* Defendants' Memorandum of Law in Support of their Motion to Dismiss at 7, 10, Docket No. 18, and certainly no later than June 30, 2016, two days after the parties' Initial Conference, when defendants produced their Fed. R. Civ. P. 26(a)(1)(A) initial disclosures more than a week before the Court-ordered deadline, *see* Docket No. 29, which explicitly identified Detective Tranchina and enclosed the pertinent police and criminal court paperwork – it was manifestly clear that Detective Tranchina should have been named as a defendant. Yet, plaintiff took no action until more than six months later, in January 2017.[7]

As a result of plaintiff's dilatory tactics, neither the Office of the Corporation Counsel nor the defendants were on notice that Tranchina should have been named as a defendant within the applicable limitations period. It would have been both unethical and illegal for the Office of the Corporation Counsel or defendants to access any paperwork which would have indicated that Detective Tranchina was a potential defendant prior to the time that plaintiff produced a proper § 160.50 release. Therefore, defendants could not have timely informed plaintiff of Detective

---

[6] In *pro se* matters, a court's *Valentin* order operates as a release and authorizes the New York City Police Department to turn over sealed records to the Office of the Corporation Counsel so that the appropriate individuals can be identified.

[7] Although plaintiff claims that he required a deposition of Detective Tranchina before being able to assess whether he should be properly named a defendant, plaintiff's claim is wholly without merit. Even a cursory review of Detective Tranchina's deposition transcript demonstrates that plaintiff's counsel spent the deposition simply showing Detective Tranchina documents disclosed during discovery and having him confirm the events they described. Plaintiff's counsel did not obtain any significant additional information whatsoever concerning Detective Tranchina's involvement that was not readily apparent from the documents previously disclosed during discovery.

9

Tranchina's involvement or "informed Detective Tranchina as the inception [of] – or before – the lawsuit about [plaintiff's] claims against him." Memorandum and Order at 57, Docket No. 84.

Finally, as this Court recognized, a key component for a complaint adding a new party to relate back is that the individual to be added "'knew or should have known that [he] would have been named as a defendant but for an error.'" *Id.* at 31 (quoting *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 548 (2010)). Here, because of plaintiff's dilatory tactics, this Office could not have known that plaintiff had named the wrong party, or that Detective Tranchina was a proper party, until more than three months after the statute of limitations expired. Therefore, the attorneys for defendants could not have alerted Detective Tranchina that he would likely be named as a party prior to the expiration of the statute of limitations. Further, Detective Tranchina testified that he did not learn of the lawsuit until November 2016. *See* Transcript of Oral Argument at 29:13-15. Consequently, plaintiff cannot meet a necessary element of the relation back doctrine under both state and federal law. *See id.*; *see also Buran v. Coupal*, 661 N.E.2d 978, 983 (N.Y. 1995).

Accordingly, plaintiff's claims do not relate back and, thus, plaintiff's motion for leave to amend should be denied.

10

## POINT II

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT SHOULD ALSO BE DENIED BECAUSE PLAINTIFF WAS AWARE OF DETECTIVE TRANCHINA'S INVOLVEMENT AND PURPOSELY CHOSE NOT TO NAME HIM AS A DEFENDANT WITHIN THE APPLICABLE LIMITATIONS PERIOD**

Magistrate Judge Mann's Report and Recommendation also properly denied plaintiff's motion for leave to amend the complaint because plaintiff cannot demonstrate that his failure to name Detective Tranchina was a mistake. "When a plaintiff intentionally decides not to assert a claim against a party known to be potentially liable, there has been *no mistake* and the plaintiff should not be given a second opportunity to assert that claim after the limitations period has expired." *Buran*, 661 N.E.2d at 983 (emphasis added).

Although plaintiff has stated that he did not know the identity of Detective Tranchina, the record clearly establishes that, at least by April 24, 2008, *more than seven years* before the expiration of the statute of limitations, plaintiff, or at least plaintiff's criminal defense counsel, was made aware of his identity, while the criminal case was pending. *See, e.g.,* Queens County District Attorney's Office Notice, Thadani Decl., Ex. G (demonstrating that plaintiff was on notice that the complaining victim identified him in both a photo array and lineup to Detective Tranchina). It is also, of course, implausible that plaintiff, or at least plaintiff's criminal defense counsel, was not fully aware of the identity of the investigating and arresting officer while the criminal case was pending for over four years.

Thus, despite his self-serving representations, plaintiff knew, or at the very least should have known, that Detective Tranchina was potentially liable as a defendant well before the expiration of the statute of limitations. Yet, either he, or his attorneys, or both, purposely chose

not to name him as a defendant.[8] As a result, plaintiff's claims do not relate back and, accordingly, plaintiff's motion for leave to amend should be denied.

## CONCLUSION

For the foregoing reasons, defendants City and Shapiro respectfully request that the Court grant their motion for reconsideration in its entirety and deny plaintiff's motion for leave to amend the complaint to add Detective Tranchina as a defendant, with prejudice, together with costs and fees the Court deems just and proper.

Dated: New York, New York
November 22, 2017

        ZACHARY W. CARTER
        Corporation Counsel of the City of New York
        *Attorney for Defendants*
        100 Church Street
        New York, New York 10007
        (212) 356-2351

        By:   /s/ Kavin Thadani
               Kavin Thadani
               Senior Counsel
               Special Federal Litigation Division

TO:   **VIA ECF**
      Kim Richman, Esq.
      Clark Binkley, Esq.
      *Attorneys for Plaintiff*

---

[8] Indeed, plaintiff expressly admits that it was his belief that, despite the records, defendant Shapiro was "the puppet master." Transcript of Oral Argument at 8:19-9:7, 40:13-17. Plaintiff was plainly aware of Detective Tranchina's involvement and, instead of naming him as a defendant in addition to defendant Shapiro, he purposely chose not to name Detective Tranchina at all.