KIM E. RICHMAN
**RICHMAN LAW GROUP**
81 Prospect Street
Brooklyn, NY 11201
krichman@richmanlawgroup.com
212-687-8291 (telephone)
212-687-8292 (facsimile)

*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| MAXIE DACOSTA,<br><br>       Plaintiff,<br><br>   v.<br><br>DET. FORTUNATO TRANCHINA (Shield #509), individually and in his official capacity,<br><br>       Defendant. | 15-cv-5175-JBW-RLM<br><br>**SECOND AMENDED COMPLAINT**<br><br>Jury Trial Demanded |
|---|---|

Plaintiff Maxie DaCosta ("Plaintiff"), by his attorney, Kim E. Richman, complaining of the Defendant Detective Fortunato Tranchina, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

Plaintiff brings this action for damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988, for the wrongful acts of Defendant DETECTIVE FORTUNATO TRANCHINA (Shield #509), individually and in his official capacity, as an Officer of the New York City Police Department, acting under color of state law and pursuant to his authority, in violation of Plaintiff's rights under the Constitution and laws of the United States and of the State of New York.

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

2. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

## VENUE

3. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

4. Plaintiff demands a trial by jury on each and every one of her claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

5. Plaintiff Maxie DaCosta was at all relevant times a resident of Queens, New York, which is located in the Eastern District of New York.

6. Defendant DET. FORTUNATO TRANCHINA (Shield #509) is and was at all relevant times a police officer employed by the City of New York within the New York City Police Department ("NYPD") and acting under color of state law.

7. At all times relevant hereto and in all his actions alleged herein, Defendant was acting under color of the statutes, ordinances, regulations, policies, customs, and usages of the City of New York and the NYPD, and pursuant to his authority as an employee, servant, and agent of the NYPD and within the scope of employment and incidental to his otherwise lawful duties and functions as an employee, servant, agent, and law enforcement officer.

# FACTS

8. On or about April 24, 2008, Defendant Tranchina apprehended Plaintiff on the basis of an alleged robbery of a sporting goods store, which had allegedly occurred around 8 p.m. on the night of July 28, 2007 in the 106th precinct.

9. At the time that Defendant apprehended Plaintiff for the alleged robbery, Plaintiff was incarcerated at Rikers Island in connection with two charges unrelated to the alleged robbery, an alleged homicide which took place 4 a.m. in the morning of July 28, 2007 in the 103rd precinct, and an escape from police custody on August 23, 2007.

10. The homicide and robbery are alleged to have taken place the same day, with the robbery occurring nearly 16 hours after the homicide.

11. There were three witnesses to the alleged robbery. On July 29, 2007 and August 2, 2007, the witnesses were shown hundreds of mugshot photos, and failed to identify a suspect.

12. On August 23, 2007 Plaintiff was brought to the 103rd precinct and interviewed in connection with the homicide charge. At some point following the interview, Plaintiff left the precinct. Plaintiff was alleged to have escaped. The NYPD then generated a "wanted" poster for Plaintiff on August 23, 2007 concerning the alleged homicide and escape.

13. At some point between August 28-29, 2007, Defendant Tranchina also caused a "wanted" circular for Plaintiff concerning the robbery to be generated.

14. On August 29, 2007 the wanted poster relating to the alleged homicide and escape, bearing Plaintiff's photo, was displayed on TV during a news report.

15. On August 30, 2007, Mohammad Sarwar, one of the witnesses to the robbery, contacted Defendant Tranchina and stated that he had viewed the previous evening's news program and had recognized Plaintiff from the wanted poster photograph as the perpetrator of the robbery.

16. That same day, Sarwar, along with the other two robbery witnesses, who had also seen the news broadcast, were brought in to the 106th Precinct to identify the perpetrator of the robbery. Defendant Tranchina showed Sarwar a photo array consisting of six photographs, including a photograph of Plaintiff. The photograph of Plaintiff used by Defendant for the photo array was the same one that Sarwar had already seen in the context of the wanted poster.

17. Defendant did not show a photo array to the other two witnesses.

18. Sarwar selected Plaintiff's photograph from the photo array.

19. On August 31, 2007, Defendant Tranchina caused a "wanted card" to be issued for Plaintiff.

20. On December 18, 2007, Plaintiff was arrested in the 103rd precinct for the alleged homicide and escape, and subsequently began incarceration at Rikers Island.

21. On January 2, 2008, Defendant Tranchina initiated a "take-out order" application for Plaintiff.

22. On March 11, 20008, Defendant Tranchina had Plaintiff transferred from Rikers Island to the NYPD 106th Precinct for a "lineup" relating to the alleged robbery.

23. At the lineup, witness Sarwar identified Plaintiff. The other two witnesses did not identify Plaintiff.

24. On Defendant Tranchina arrested Plaintiff on April 24, 2008 in connection with the robbery.

25. Defendant Tranchina, arranged an improperly suggestive witness identification in order to convince a grand jury to indict Plaintiff. In fact, Defendant had no probable cause to prosecute Plaintiff in connection with the alleged robbery.

26. At a Wade Huntley hearing for the consolidated prosecutions of the homicide, escape,

and robbery charges on May 28, 2009, Assistant District Attorney Peter Lomp acknowledged to the criminal court that he was exploring the possibility that Plaintiff was not the perpetrator in the robbery.

27. On or around July 26, 2012, Plaintiff was found not guilty of the earlier homicide and escape charges.

28. Also on or around July 26, 2016, Plaintiff was released on his own recognizance, having been incarcerated for approximately fifty-five (55) months since his arrest in connection with the earlier charges. However, despite still lacking any probable cause, Defendant continued to maliciously prosecute Plaintiff for the alleged robbery with falsified evidence.

29. Finally, on or around September 6, 2012, the robbery charge and any and all charges related thereto were dismissed in favor of Plaintiff in Queens County criminal court.

30. As a result of Defendant's actions, Plaintiff suffered damages. To wit: deprivation of liberty; embarrassment and humiliation; damage to his esteem and reputation within his community and his own family; and mental anguish.

## CLAIM FOR RELIEF: MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

31. Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

32. Defendant initiated criminal proceedings against Plaintiff without probable cause or reason to believe that the criminal charges against him could succeed and with actual malice, thereby causing Plaintiff to be prosecuted on baseless charges for over fifty-two (52) months and to suffer a significant deprivation of liberty in connection therewith.

33. The criminal charges against Plaintiff were terminated in his favor.

34. Defendant carried out all of the aforementioned acts under color of state law.

35. Defendant's unlawful prosecution of Plaintiff without probable cause and denial of his associated due process rights, as described herein, violated Plaintiff's rights under the Constitution, for which Defendant is individually liable.

36. As a result of Defendant's malicious prosecution and other unlawful acts, Plaintiff suffered various emotional injuries, as described more fully herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and pray for the following relief, jointly and severally, against the Defendant:

1. Special and compensatory damages in the amount of FIVE MILLION ($5,000,000.00) DOLLARS;

2. Punitive damages in the amount of FIVE MILLION ($5,000,000.00) DOLLARS;

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.

DATED:  Brooklyn, NY
        November 30, 2017

Respectfully submitted,

**RICHMAN LAW GROUP**

*/s/ Kim E. Richman*

Kim E. Richman, Esq.
Joseph M. Stancati, Esq.
81 Prospect Street
Brooklyn, NY 11201
212-687-8291 (phone)
212-687-8292 (fax)

*Attorneys for Plaintiff*