1:15-cv-05174-JBW-RLM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MAXIE DACOSTA,

Plaintiff,

-against-

DET. FORTUNATO TRANCHINA (Shield #509),
individually and in his official capacity,

Defendant.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Kavin Thadani*
*Tel:  (212) 356-2351*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................. ii

PRELIMINARY STATEMENT ........................................................ 1

STATEMENT OF FACTS ................................................................ 2

STANDARD OF LAW..................................................................... 4

ARGUMENT

    POINT I

        PLAINTIFF'S   MALICIOUS   PROSECUTION
        CLAIM SHOULD BE DISMISSED ........................................... 5

        A.  Plaintiff Cannot Prove Initiation................................... 5

        B.  There   Was   Probable   Cause   To   Prosecute
            Plaintiff ....................................................................... 7

        C.  Plaintiff Is Unable To Rebut The Presumption
            Of Probable Cause Created By The Indictment ............... 11

        D.  Plaintiff   Is   Collaterally   Estopped   From
            Challenging   The   Sufficiency   Of   The   Grand
            Jury Proceeding ............................................................ 13

        E.  Plaintiff Cannot Prove Malice ...................................... 14

        F.  Plaintiff Cannot Establish A Sufficient Post-
            Arraignment Deprivation of Liberty................................ 14

    POINT II

        TRANCHINA   IS   ENTITLED   TO   QUALIFIED
        IMMUNITY................................................................... 16

CONCLUSION............................................................................. 20

# TABLE OF AUTHORITIES

**<u>Cases</u>**                                                                                                                                     **<u>Pages</u>**

*Alcantara v. City of New York,*
   646 F. Supp. 2d 449 (S.D.N.Y. 2009)......................................................................6

*Allen v. City of New York,*
   480 F. Supp. 2d 689 (S.D.N.Y. 2007)....................................................................15

*Anderson v. Creighton,*
   483 U.S. 635 (1987)..............................................................................................17

*Anderson v. Liberty Lobby, Inc.,*
   477 U.S. 242 (1986)................................................................................................4

*Angevin v. City of New York,*
   204 F. Supp. 3d 469 (E.D.N.Y. 2016) .............................................................7, 14

*Arnold v. Geary,*
   No. 09 Civ. 7299 (GWG),
   2013 U.S. Dist. LEXIS 116475 (S.D.N.Y. Aug. 16, 2013)..................................15

*Bernard v. United States,*
   25 F.3d 98 (2d Cir. 1994) .......................................................................................8

*Brown v. New York,*
   459 N.Y.S.2d 589 (N.Y. App. Div. 1983) ..............................................................7

*Calvert v. Katy Taxi, Inc.,*
   413 F.2d 841 (2d Cir. 1969)....................................................................................4

*Campbell v. Giuliani,*
   No. 99-CV-2603 (JG), 2001 U.S. Dist. LEXIS 609 (E.D.N.Y. Jan. 24, 2001) .........................8

*Cerrone v. Brown,*
   246 F.3d 194 (2d Cir. 2001)............................................................................17, 18

*Colon v. City of New York,*
   455 N.E.2d 1248 (N.Y. 1983)............................................................................8, 11

*Crews v. County of Nassau,*
   996 F. Supp. 2d 186 (E.D.N.Y. 2014) ..................................................................10

*Curley v. Vill. of Suffern,*
   268 F.3d 65 (2d Cir. 2001)................................................................................8, 10

**Cases**  **Pages**

*Daughtry v. City of New York*,
   No. 12-CV-2655 (NGG) (RER),
   2015 U.S. Dist. LEXIS 68627 (E.D.N.Y. Feb. 23, 2015)..................................18, 19

*Blouin ex rel. Estate of Pouliot v. Spitzer*,
   356 F.3d 348 (2d Cir. 2004)................................................................................16

*Figueroa v. Mazza*,
   No. 14-4116-cv, 2016 U.S. App. LEXIS 10152 (2d Cir. June 3, 2016)................18

*Gilman v. Marsh & McLennan Cos., Inc.*,
   868 F. Supp. 2d 118 (S.D.N.Y. 2012)....................................................................6

*Gisondi v. Harrison*,
   528 N.E.2d 157 (N.Y. 1988)............................................................................9, 10

*Goonewardena v. Spinelli*,
   No. 15-CV-5239 (MKB) (ST),
   2017 U.S. Dist. LEXIS 129972 (E.D.N.Y. Aug. 14, 2017)............................15, 16

*Hargroves v. City of New York*,
   411 F. App'x 378 (2d Cir. 2011) .........................................................................11

*Harlow v. Fitzgerald*,
   457 U.S. 800 (1982).............................................................................................17

*Harris v. City of New York*,
   No. 09-CV-3474 (KAM),
   2013 U.S. Dist. LEXIS 129118 (E.D.N.Y. Sept. 10, 2013)..................................16

*Hewitt v. City of New York*,
   No. 09 CV 214 (RJD) (MDG),
   2012 U.S. Dist. LEXIS 141067 (E.D.N.Y. Sept. 27, 2012)...............................5, 6

*Hunter v. Bryant*,
   502 U.S. 224 (1991).............................................................................................16

*In re Hyman*,
   502 F.3d 61 (2d Cir. 2007)..................................................................................13

*Jones v. Parmley*,
   465 F.3d 46 (2d Cir. 2006)..............................................................................16, 17

*Jouthe v. City of New York*,
   No. 05-CV-1374 (NGG) (VVP),
   2009 U.S. Dist. LEXIS 18163 (E.D.N.Y. Mar. 10, 2009)...............................6, 7, 8

**Cases**                                                                                    **Pages**

*King v. City of New York*,
    Nos. 12-CV-2344 (NGG) (RER), 13-CV-0037 (NGG) (RER),
    2014 U.S. Dist. LEXIS 140790 (E.D.N.Y. Sept. 30, 2014)........................................12

*Little v. Massari*,
    526 F. Supp. 2d 371 (E.D.N.Y. 2007) ........................................................................9

*Lowth v. Town of Cheektowaga*,
    82 F.3d 563 (2d Cir. 1996)........................................................................................14

*Maciariello v. Sumner*,
    973 F.2d 295 (4th Cir. 1992) ....................................................................................17

*Malley v. Briggs*,
    475 U.S. 335 (1986)..................................................................................................17

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986)....................................................................................................4

*McClellan v. Smith*,
    439 F.3d 137 (2d Cir. 2006)......................................................................................18

*Mesa v. City of New York*,
    No. 09 Civ. 10464 (JPO),
    2013 U.S. Dist. LEXIS 1097 (S.D.N.Y. Jan. 3, 2013) ......................................16, 17

*Miloslavsky v. AES Eng'g Soc'y, Inc.*,
    808 F. Supp. 351 (S.D.N.Y. 1992),
    *aff'd*, 993 F.2d 1534 (2d Cir. 1993) ...........................................................................8

*Mistretta v. Prokesch*,
    5 F. Supp. 2d 128 (E.D.N.Y. 1998) ...........................................................................9

*Mitchell v. Forsyth*,
    472 U.S. 511 (1985)..................................................................................................16

*Morgan v. Cty. of Nassau*,
    No. 13-CV-06524 (JMA) (GRB),
    2017 U.S. Dist. LEXIS 22992 (E.D.N.Y. Feb. 17, 2017)........................................11

*Murphy v. Lynn*,
    118 F.3d 938 (2d Cir. 1997)........................................................................................5

*Nebraska v. Wyoming*,
    507 U.S. 584 (1993)....................................................................................................4

**Cases**                                                                                          **Pages**

*Norwood v. Mason*,
    524 F. App'x 762 (2d Cir. 2013) ...........................................................................8

*O'Brien v. City of Yonkers*,
    No. 07-CV-3974 (KMK) (LMS),
    2013 U.S. Dist. LEXIS 43551 (S.D.N.Y. Mar. 22, 2013) ....................................12

*Panetta v. Crowley*,
    460 F.3d 388 (2d Cir. 2006).............................................................................8, 9

*Parisi v. Suffolk County*,
    No. 04-CV-2187 (ENV) (ETB),
    2009 U.S. Dist. LEXIS 112388 (E.D.N.Y. Nov. 30, 2009)...................................12

*Pawlicki v. City of Ithaca*,
    993 F. Supp. 140 (N.D.N.Y. 1998) ....................................................................10

*Poe v. Leonard*,
    282 F.3d 123 (2d Cir. 2002)..............................................................................17

*Radin v. City of New York*,
    No. 14-cv-7347 (NG) (RLM),
    2016 U.S. Dist. LEXIS 95955 (E.D.N.Y. July 21, 2016)..................................9, 10

*Ricciuti v. New York City Transit Auth.*,
    124 F.3d 123 (2d Cir. 1997)..............................................................................18

*Richards v. City of New York*,
    No. 97 Civ. 7990 (MBM),
    2003 U.S. Dist. LEXIS 8037 (S.D.N.Y. May 7, 2003) ........................................12

*Rohman v. New York City Transit Auth.*,
    215 F.3d 208 (2d Cir. 2000)............................................................................5, 6

*Rothstein v. Carriere*,
    373 F.3d 275 (2d Cir. 2004)................................................................................5

*Salim v. City of New York*,
    No. 15 Civ. 8521 (CM),
    2016 U.S. Dist. LEXIS 180071 (S.D.N.Y. Dec. 22, 2016) .........................12, 13, 17

*Savino v. City of New York*,
    331 F.3d 63 (2d Cir. 2003).............................................................................11, 12

*Sclafani v. Spitzer*,
    734 F. Supp. 2d 288 (E.D.N.Y. 2010) ............................................................11, 14

**Cases**                                                                                                                            **Pages**

*Scotto v. Almenas,*
    143 F.3d 105 (2d Cir. 1998)........................................................................................................4

*Sheikh v. City of New York, Police Dep't,*
    No. 03-CV-6326 (NGG),
    2008 U.S. Dist. LEXIS 107049 (E.D.N.Y. Dec. 5, 2008) ......................................................8

*Slater v. Mackey,*
    No. 12-CV-04325 (NGG) (RML),
    2015 U.S. Dist. LEXIS 152774 (E.D.N.Y. Nov. 10, 2015)....................................................9

*Stansbury v. Wertman,*
    721 F.3d 84 (2d Cir. 2013)........................................................................................................7

*Townes v. City of New York,*
    176 F.3d 138 (2d Cir. 1999)......................................................................................................6

*United States v. Williams,*
    504 U.S. 36 (1992)..................................................................................................................12

*Walker v. Sankhi,*
    492 F. App'x 140 (2d Cir. 2012) ............................................................................................15

*Ying Jing Gan v. City of New York,*
    996 F.2d 522 (2d Cir. 1993)......................................................................................................4

**Statutes**

42 U.S.C. § 1983.........................................................................................................................1, 5, 15

Fed. R. Civ. P. 56............................................................................................................................1, 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

MAXIE DACOSTA,

                                             Plaintiff,

                       -against-

DET. FORTUNATO TRANCHINA (Shield #509),
individually and in his official capacity,

                                      Defendant.

---------------------------------------------------------------------- x

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

1:15-cv-05174-JBW-RLM

Defendant Fortunato Tranchina ("Tranchina"), by his attorney, Zachary W. Carter, Corporation Counsel of the City of New York, respectfully submits this Memorandum of Law in support of his motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Plaintiff Maxie DaCosta brings this action, pursuant to 42 U.S.C. § 1983, asserting a claim of malicious prosecution against Tranchina. Tranchina now moves for summary judgment on plaintiff's malicious prosecution claim pursuant to Fed. R. Civ. P. 56 on the grounds that plaintiff's claim fails as matter of law for five independent reasons, namely that (1) plaintiff cannot prove initiation; (2) there was probable cause to prosecute plaintiff on the basis of multiple identifications by a complaining victim, (3) plaintiff is unable to rebut the presumption of probable cause created by the indictment; (4) plaintiff cannot prove malice; and (5) plaintiff cannot establish a sufficient post-arraignment deprivation of liberty.

## STATEMENT OF FACTS

On July 28, 2007, at approximately 8:00 p.m., in the vicinity of 116-15 Liberty Avenue in Queens, New York, a black male, armed with a firearm, entered a SportsLane store, threatened and assaulted the store's employees, and forcibly removed $4,600 from the store's cash register. *See* Defendant's Statement Pursuant to Local Rule 56.1 ("56.1 Stmt.") at ¶ 1.

On August 29, 2007, one of the store's employees, who was also one of the crime victims, Mohammad Sarwar, recognized plaintiff, whose photograph was being displayed on a television news broadcast, as the person who robbed the SportsLane store on July 28, 2007. *See id.* at ¶ 2. Mr. Sarwar subsequently contacted the New York City Police Department 106th Precinct Detective Squad (the "106th Precinct"). *See id.* at ¶ 3. The next day, on August 30, 2007, Mr. Sarwar went to the 106th Precinct and informed Detective Tranchina that he recognized plaintiff as the person who robbed the SportsLane store on July 28, 2007. *See id.* at ¶ 4. Mr. Sarwar subsequently identified plaintiff as the person who robbed the SportsLane store on July 28, 2007 in a photo array and a lineup. *See id.* at ¶¶ 5, 7.

Assistant District Attorney Tom Brennan and Leroy Swinney, an investigator employed by plaintiff, were present for the lineup and observed that Mr. Sarwar identified plaintiff and that two other victims, Anita Saunders and James Cadawan did not. *See id.* at ¶ 8. Ms. Saunders and Mr. Cadawan had, however, previously informed Det. Tranchina that they believe[d] Maxie Dacosta Jr. to be the [person who robbed the SportsLane store on July 28, 2008] but they can not [sic] be 100 percent sure from just the photo." *Id.* at ¶ 6.

On April 24, 2008, plaintiff was arrested for two counts of Robbery in the First Degree. *See id.* at ¶ 9. At the time plaintiff was arrested, he was already incarcerated and being held in custody at Rikers Island in connection with unrelated, pending homicide and escape charges. *See id.* at ¶ 10. Accordingly, in order to formally arrest plaintiff on April 24, 2008, Det.

Tranchina had to contact the Queens County District Attorney's Office and request that a "take-out" order be executed.  *See id.* at ¶ 11.

At the time of plaintiff's arrest, the Queens County District Attorney's Office was fully aware that plaintiff "was only identified after his photograph was on the news for escaping the 103 Precinct where he was arrested in connection with a homicide," and was also fully aware that only one of the three crime victims positively identified plaintiff in a photo array or lineup. *Id.* at ¶¶ 8, 12.

On May 15, 2008, plaintiff was indicted by a Grand Jury for one count of Robbery in the First Degree, one count of Robbery in the Second Degree, two counts of Assault in the Second Degree and one count of Criminal Possession of a Weapon in the Fourth Degree.  *See id.* at ¶ 13.

During the pendency of the criminal case, following a motion by plaintiff's criminal defense attorney, criminal court judge Robert J. Hanophy inspected the Grand Jury minutes, held that "there is sufficient legal evidence adduced to sustain the indictment" and denied plaintiff's motion to dismiss the indictment.  *Id.* at ¶ 14.    Judge Hanophy also held that "the instructions given by the District Attorney to the Grand Jury" were sufficient and that the indictment was not defective.  *Id.* at ¶ 15.

On July 26, 2012, after a jury trial, plaintiff was acquitted of the homicide and escape charges and was released on his own recognizance with respect to the robbery charges.  *See id.* at ¶ 16.  On September 26, 2012, after making just a single court appearance, the robbery charges against plaintiff were dismissed.  *See id.* at ¶ 17

For a more detailed statement of undisputed material facts, defendant refers the Court to his Statement Pursuant to Local Civil Rule 56.1.

## STANDARD OF LAW

Summary judgment is warranted when the Court determines that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56 (a).  At this stage, the Court must determine "whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

In opposing summary judgment, the "non-moving party may not rely on conclusory allegations or unsubstantiated speculation."  *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998).  The party bearing the burden of proof has no right to take the case to trial if a favorable verdict could only be the product of surmise, speculation, and conjecture.  *See, e.g., Calvert v. Katy Taxi, Inc.,* 413 F.2d 841, 844 (2d Cir. 1969).  Therefore, the non-moving party must produce evidence to support his case and "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible."  *Ying Jing Gan v. City of New York*, 996 F.2d 522, 532 (2d Cir. 1993).  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

A plaintiff has the burden to present admissible evidence which would tend to show that there is a genuine issue of fact with respect to their claims for trial.  *See e.g., Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993) (finding that when the nonmoving party bears burden of proof at trial, moving party is entitled to summary judgment if non-movant fails to make showing on essential element of its claim).

In the instant matter, summary judgment should be granted in favor of defendant because there are no genuine issues of material fact which warrant a trial.

## ARGUMENT

### PLAINTIFF'S MALICIOUS PROSECUTION
### CLAIM SHOULD BE DISMISSED

Under New York law, to establish a claim of malicious prosecution, a plaintiff must prove each of the following:  "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997) (internal quotation marks and citation omitted).  In addition to these state law elements, a malicious prosecution claim brought under Section 1983 requires showing "a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." *Rohman v. New York City Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000).  "[T]he law places a ***heavy burden*** on malicious prosecution plaintiffs." *Rothstein v. Carriere*, 373 F.3d 275, 282 (2d Cir. 2004) (internal quotation marks and citation omitted) (emphasis added).

As explained below, plaintiff's malicious prosecution claim fails for at least five independent reasons.

### A.    Plaintiff Cannot Prove Initiation

The Second Circuit has held that "[i]nitiation in [the context of malicious prosecution] is a term of art," involving more than merely reporting a crime and giving testimony; "it must be shown that defendant played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act."  *Rohman*, 215 F.3d at 217 (internal quotation marks and citation omitted).  "One who does no more than disclose to a prosecutor all material information within his knowledge is not deemed to be the initiator of the proceeding." *Hewitt v. City of New York*, No. 09 CV 214 (RJD) (MDG), 2012 U.S. Dist. LEXIS 141067, at

*24 (E.D.N.Y. Sept. 27, 2012) (quoting *Rohman*, 215 F.3d at 217).  "[A] malicious-prosecution claim cannot stand if the decision made by the prosecutor to bring criminal charges was independent of any pressure exerted by [the] police." *Alcantara v. City of New York*, 646 F. Supp. 2d 449, 457 (S.D.N.Y. 2009) (internal quotation marks and citation omitted).

"New York law imposes a presumption that a prosecutor exercises his own independent judgment in deciding to prosecute a criminal defendant." *Gilman v. Marsh & McLennan Cos., Inc.*, 868 F. Supp. 2d 118, 128 (S.D.N.Y. 2012) (citation omitted).  Thus, "'once a criminal defendant has been formally charged, the chain of causation between the officer's conduct and the claim of malicious prosecution is broken by the intervening actions of the prosecutor, thereby abolishing the officer's responsibility for the prosecution.'" *Jouthe v. City of New York*, No. 05-CV-1374 (NGG) (VVP), 2009 U.S. Dist. LEXIS 18163, at *35 (E.D.N.Y. Mar. 10, 2009) (citation omitted); *see also Townes v. City of New York*, 176 F.3d 138, 147 (2d Cir. 1999) ("It is well settled that the chain of causation between a police offer's unlawful arrest and a subsequent conviction and incarceration is broken by the intervening exercise of independent judgment.").

Here, plaintiff is not able to rebut the presumption.  Plaintiff is unable to show that Tranchina in any way pressured prosecutors to bring criminal charges, played an active role in the prosecution, or did anything beyond simply disclosing all material information to the Queens County District Attorney's Office.  There is also no evidence in the record that Tranchina created any false information or withheld relevant and material information.  In fact, it is undisputed that the Queens County District Attorney's Office was aware that plaintiff "was only identified after his photograph was on the news for escaping the 103 Precinct where he was arrested in connection with a homicide," and that only one of the three crime victims positively identified plaintiff in a photo array or lineup.  56.1 Stmt. at ¶¶ 8, 12.  Moreover, it is also clear that the

Queens County District Attorney's Office was, at all relevant times, fully aware of, and in the possession of, video surveillance footage of the robbery. *See, e.g.,* Affirmation in Opposition at 3, attached to the Declaration of Kavin Thadani dated February 2, 2018 as Exhibit O (demonstrating that, on August 26, 2008, the DA's Office produced to plaintiff "6 video surveillance cds" and "7 Still photographs pulled from video surveillance"). There is absolutely no evidence in the record that the Queens County District Attorney's Office was not in receipt of the video surveillance footage at the initial stages of the prosecution, and they were clearly in possession by August 26, 2008, at the latest, yet they still proceeded with the prosecution.

Thus, once plaintiff was formally charged, the defendant's responsibility for the prosecution ended. Accordingly, plaintiff's malicious prosecution claim should be dismissed. *See, e.g., Angevin v. City of New York*, 204 F. Supp. 3d 469, 481 (E.D.N.Y. 2016) ("Since there is nothing to suggest that [defendant] did more than disclose to the prosecutor the material information within his knowledge, there is insufficient evidence to establish that [defendant] initiated the criminal proceedings against Plaintiff.").

**B.     There Was Probable Cause To Prosecute Plaintiff**

"Because lack of probable cause is an element of a malicious prosecution claim, the existence of probable cause is a complete defense to a claim of malicious prosecution." *Stansbury v. Wertman*, 721 F.3d 84, 94-95 (2d Cir. 2013). "[P]robable cause does not require a 'certitude' that a crime has been committed by a suspect. Rather, a malicious prosecution connotes a decision to proceed maliciously with the prosecution of an individual where probable cause is ***clearly*** lacking." *Brown v. New York*, 459 N.Y.S.2d 589, 591 (N.Y. App. Div. 1983) (emphasis added) (internal citation omitted).

"'It is well-settled that police officers have probable cause to arrest if they receive information from a complaining victim or other witness whom they reasonably believe to be

telling the truth.'"  *Jouthe*, 2009 U.S. Dist. LEXIS 18163, at *28 (citation omitted).

"Specifically, information furnished by a single complainant can establish probable cause when

the information comes from a victim who provides specific details of a crime."  *Sheikh v. City of*

*New York, Police Dep't*, No. 03-CV-6326 (NGG), 2008 U.S. Dist. LEXIS 107049, at *18

(E.D.N.Y. Dec. 5, 2008) (internal quotation marks and citation omitted).  "Indeed, as sources of

information go, crime victims are among the most reliable; they usually can provide a first-hand

non-hearsay account of the criminal activity."  *Campbell v. Giuliani*, No. 99-CV-2603 (JG),

2001 U.S. Dist. LEXIS 609, at *9 (E.D.N.Y. Jan. 24, 2001) (citing *Miloslavsky v. AES Eng'g*

*Soc'y, Inc.*, 808 F. Supp. 351, 355 (S.D.N.Y. 1992), *aff'd*, 993 F.2d 1534 (2d Cir. 1993) ("The

veracity of citizen complaints who are the victims of the very crime they report to the police is

assumed.")).

Because an unequivocal identification of a suspect received by police from a victim or

eyewitness can provide probable cause then, even where the information on which a police

officer relies later turns out to be mistaken, probable cause still exists "so long as the arresting

officer was reasonable in relying on that information."  *Bernard v. United States*, 25 F.3d 98, 103

(2d Cir. 1994) (citing *Colon v. City of New York*, 455 N.E.2d 1248, 1250 (N.Y. 1983)); *see also,*

*e.g., Norwood v. Mason*, 524 F. App'x 762, 765 (2d Cir. 2013) ("New York courts routinely hold

that a victim's photo identification of a person provides the police with probable cause to arrest

that person, even where that identification may not be 100% reliable.").

"Once a police officer has a reasonable basis to believe there is probable cause to arrest,

he is not required to explore or eliminate every theoretically plausible claim of innocence before

making an arrest."  *Panetta v. Crowley*, 460 F.3d 388, 396 (2d Cir. 2006) (quoting *Curley v. Vill.*

*of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001)).  "Nor does it matter that an investigation might have

cast doubt upon the basis for the arrest." *Id.* Quite simply, "[t]he police are not obligated to pursue every lead that may yield evidence beneficial to the accused, even though they had knowledge of the lead and the capacity to investigate it." *Gisondi v. Harrison*, 528 N.E.2d 157, 160 (N.Y. 1988). Furthermore, police officers "have no duty to investigate an exculpatory statement of the accused, and their refusal to do so does not defeat probable cause." *Mistretta v. Prokesch*, 5 F. Supp. 2d 128, 135 (E.D.N.Y. 1998). "Once officers possess facts sufficient to establish probable cause, they are neither required nor allowed to sit as prosecutor, judge or jury. Their function is to apprehend those suspected of wrongdoing, and not to finally determine guilt through a weighing of the evidence." *Little v. Massari*, 526 F. Supp. 2d 371, 375 (E.D.N.Y. 2007) (internal quotation marks and citation omitted).

"Once probable cause to arrest has been established, claims of malicious prosecution survive only if, between the arrest and the initiation of the prosecution, the groundless nature of the charges is made apparent by the discovery of some intervening fact." *Slater v. Mackey*, No. 12-CV-04325 (NGG) (RML), 2015 U.S. Dist. LEXIS 152774, at *21 (E.D.N.Y. Nov. 10, 2015) (internal quotation marks and citation omitted). Here, there was probable cause to arrest and prosecute based upon one of the victim's identifications of plaintiff on the news and then subsequently in both a photo array and a lineup. There is no evidence in the record to suggest that Tranchina had a reason to question or doubt the veracity or accuracy of the victim's identification of plaintiff. Plaintiff also does not plead the discovery of any intervening fact between the time of arrest and initiation and, therefore, his malicious prosecution claim should be dismissed.

Probable cause is not vitiated because other victims did not identify plaintiff as the individual who committed the robbery. *See, e.g., Radin v. City of New York*, No. 14-cv-7347

(NG) (RLM), 2016 U.S. Dist. LEXIS 95955, at *9 (E.D.N.Y. July 21, 2016) ("[I]n this case, that some victims did not identify plaintiff does not vitiate the probable cause that resulted from the identifications by [the others victims]."). Indeed, "[t]he Second Circuit has held consistently that conflicting accounts of a crime do not vitiate the probable cause established by an eyewitness identification . . . of a crime." *Crews v. County of Nassau*, 996 F. Supp. 2d 186, 205 (E.D.N.Y. 2014) (citing cases); *see also, e.g., Curley*, 268 F.3d at 70 (conflicting accounts of arrestee and two eyewitnesses did not undermine probable cause established by eyewitness's statements inculpating arrestee).

Rather, "when an arresting officer is faced with competing accounts from different eyewitnesses, an officer is entitled to make an arrest based on believing the testimony of one side or the other." *Pawlicki v. City of Ithaca*, 993 F. Supp. 140, 145 (N.D.N.Y. 1998). Although conflicting evidence may be relevant to the issue of whether guilt beyond a reasonable doubt could have been proved at a criminal trial, it has no bearing on whether there was sufficient evidence to show probable cause to believe that plaintiff committed the charged crimes. *See, e.g., Gisondi v. Harrison*, 528 N.E.2d 157, 160 (N.Y. 1988).

Nor does the existence of any video surveillance footage affect the probable cause analysis because there is no evidence that any such footage clearly established that plaintiff was not the individual who committed the robbery. Indeed, even after reviewing the video surveillance footage, Mr. Sarwar still identified plaintiff as the robber. *See, e.g.,* Memorandum and Order at 4, 8, Docket No. 92 (noting that Mr. Sarwar provided the police with video and that Mr. Sarwar testified before the Grand Jury to seeing the perpetrator in the video).

Accordingly, plaintiff's malicious prosecution claim should be dismissed.

**C.      Plaintiff Is Unable To Rebut The Presumption Of Probable Cause Created By The Indictment**

It is undisputed that plaintiff was indicted on May 15, 2008.  *See* 56.1 Stmt. at ¶ 13.  This "indictment by a grand jury creates a presumption of probable cause that may *only* be rebutted by evidence that the indictment was procured by 'fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith.'"  *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003) (emphasis in original) (citation omitted); *see also, e.g., Morgan v. Cty. of Nassau*, No. 13-CV-06524 (JMA) (GRB), 2017 U.S. Dist. LEXIS 22992, at *36 (E.D.N.Y. Feb. 17, 2017) ("To rebut the presumption, a plaintiff must demonstrate that a police officer 'misled' the prosecutor and trial judges.") (citing *Hargroves v. City of New York*, 411 F. App'x 378, 386 (2d Cir. 2011)).

The plaintiff bears the burden of proof in rebutting the presumption of probable cause that arises from an indictment.  *See, e.g., id.* at 73.  "In order to survive a motion for summary judgment on the malicious prosecution claim, [plaintiff] must . . . submit[] evidence sufficient for a reasonable jury to find that his indictment was procured as a result of police conduct undertaken in bad faith."  *Id.*  "Mere conjecture and surmise that an indictment was procured as a result of conduct undertaken by defendants in bad faith cannot overcome the presumption of probable cause created in an indictment."  *Sclafani v. Spitzer*, 734 F. Supp. 2d 288, 298-99 (E.D.N.Y. 2010) (Weinstein, J.) (internal quotation marks and citation omitted).

"[N]egligence in an investigation or sloppy police work does not rise to the level of misconduct sufficient to rebut the presumption."  *Morgan*, 2017 U.S. Dist. LEXIS 22992, at *36.  Even where "further avenues of investigation were open to the police . . . their failure to pursue the investigation is not the equivalent of fraud or the suppression of evidence."  *Colon*, 455 N.E.2d at 1251.

11

It is also well-settled that "[t]he simple act of not disclosing to the grand jury all evidence that could potentially benefit the accused at a grand jury hearing does not necessarily rise to the level of bad faith." *Parisi v. Suffolk County*, No. 04-CV-2187 (ENV) (ETB), 2009 U.S. Dist. LEXIS 112388, at *10 (E.D.N.Y. Nov. 30, 2009).  Indeed, prosecutors are not required to present exculpatory evidence to a Grand Jury.  *See, e.g., United States v. Williams*, 504 U.S. 36, 52 (1992) ("Imposing upon the prosecutor a legal obligation to present exculpatory evidence in his possession would be incompatible with th[e] [grand jury] system."); *Savino*, 331 F.3d at 75 (holding that the prosecutor, who had the discretion and authority to decide what evidence to present to the grand jury[,] was under no duty to present every item of arguably exculpatory evidence in seeking an indictment"); *Richards v. City of New York*, No. 97 Civ. 7990 (MBM), 2003 U.S. Dist. LEXIS 8037, at *44 (S.D.N.Y. May 7, 2003) ("[T]he government has no constitutional obligation to present exculpatory material to a grand jury.").

In addition, "courts routinely find that the grand jury presumption is not overcome by a failure to disclose conflicting eyewitness accounts."  *O'Brien v. City of Yonkers*, No. 07-CV-3974 (KMK) (LMS), 2013 U.S. Dist. LEXIS 43551, at *52 (S.D.N.Y. Mar. 22, 2013).  Rather, "courts have held that police officers act in bad faith only when they fail to disclose evidence that would 'conclusively' establish the plaintiff's innocence . . . or negate the possibility that plaintiff had committed the crime."  *King v. City of New York*, Nos. 12-CV-2344 (NGG) (RER), 13-CV-0037 (NGG) (RER), 2014 U.S. Dist. LEXIS 140790, at *14 (E.D.N.Y. Sept. 30, 2014) (internal quotation marks and citations omitted).

Moreover, a "grand jury act[s] on the basis of a presentment that [is] made by the [Assistant District Attorney] – not the police.  It [is] the ADA who decide[s] what evidence to present and what argument to make."  *Salim v. City of New York*, No. 15 Civ. 8521 (CM), 2016

12

U.S. Dist. LEXIS 180071, at *18 (S.D.N.Y. Dec. 22, 2016).  "[P]olice officers do not run grand jury proceedings and do not decide what evidence to present.  Prosecutors do."  *Id.* at *15.  "Police officers are in no position to push prosecutors aside and take over grand jury proceedings, or give proper legal instructions."  *Id.* at *24.  Therefore, even to the extent it is alleged that a defective indictment "wronged" a plaintiff, an officer has "no way to intervene in order to prevent it from happening."  *Id.* at *24.

Plaintiff is unable to point to sufficient evidence for a reasonable jury to find that his indictment was procured as a result of police conduct undertaken in bad faith.  There is no evidence that Tranchina misled prosecutors in this case or fabricated or withheld any material information.  Indeed, it is undisputed that the Queens County District Attorney's Office was aware that plaintiff "was only identified after his photograph was on the news for escaping the 103 Precinct where he was arrested in connection with a homicide," and that only one of the three crime victims positively identified plaintiff in a photo array or lineup.  56.1 Stmt. at ¶¶ 8, 12.  Tranchina also has no control over what was presented by the prosecutor to the grand jury.

Therefore, plaintiff is unable to rebut the presumption created by the indictment and, accordingly, plaintiff's malicious prosecution claim should be dismissed.

**D.    Plaintiff Is Collaterally Estopped From Challenging The Sufficiency Of The Grand Jury Proceeding**

"Under New York law, collateral estoppel bars relitigation of an issue when (1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action."  *In re Hyman*, 502 F.3d 61, 65 (2d Cir. 2007).  Here, following a motion by plaintiff's criminal defense attorney, the criminal court found that "there is sufficient legal evidence adduced to sustain the indictment" and denied plaintiff's motion to

dismiss the indictment.  56.1 Stmt. at ¶ 14.  The criminal court also held that "the instructions given by the District Attorney to the Grand Jury" were sufficient and that the indictment was not defective.  *Id.* at ¶ 15.  Therefore, plaintiff is collaterally estopped from challenging the sufficiency of the Grand Jury proceeding in this case.  Accordingly, plaintiff is unable to rebut the presumption of probable cause created by the indictment and his malicious prosecution claim should be dismissed.

**E.      Plaintiff Cannot Prove Malice**

In order to prove malice, plaintiff must show "'that the defendant . . . commenced the criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served.'"  *Sclafani*, 724 F. Supp. 2d at 299 (Weinstein, J.) (quoting *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 573 (2d Cir. 1996)).  Here, there is no evidence that Tranchina had a "wrong or improper motive."  In addition, because there was probable cause to arrest plaintiff, as explained above, plaintiff is unable to establish malice because "there is no improper motive in following through on the prosecution of a defendant lawfully arrested."  *Angevin v. City of New York*, 204 F. Supp. 3d at 482 (internal quotation marks and citation omitted).  Rather, "[o]nly where probable cause to initiate a proceeding is . . . totally lacking may malice reasonably be inferred."  *Sclafani*, 724 F. Supp. 2d at 299 (Weinstein, J.) (internal quotation marks and citation omitted).  Accordingly, plaintiff's malicious prosecution claims should be dismissed for this reason as well.

**F.      Plaintiff Cannot Establish A Sufficient Post-Arraignment Deprivation of Liberty**

It is undisputed that plaintiff was already incarcerated and being held in custody at Rikers Island in connection with unrelated, pending homicide and escape charges at the time he was arrested in connection with the incident underlying this lawsuit, and that plaintiff remained incarcerated until he was acquitted of the homicide and escape charges.  *See* 56.1 Stmt. at ¶¶ 10,

16.  Moreover, it is further undisputed that, immediately after he was acquitted of the homicide and escape charges, plaintiff was released from custody on his own recognizance with respect to the robbery charges for which plaintiff alleges he was maliciously prosecuted.  *See id.* at ¶ 16. Thereafter, plaintiff only made a single court appearance at which the robbery charges were dismissed.  *See id.* at ¶ 17.

It is well-settled that a plaintiff may not recover on a malicious prosecution claim brought pursuant to 42 U.S.C. § 1983 for time spent in custody concurrently with one or more other criminal charges.  *See, e.g., Walker v. Sankhi*, 492 F. App'x 140, 143 (2d Cir. 2012) ("[Plaintiff] could not have suffered a deprivation of liberty as a result of the . . . burglary charge because, throughout the pendency of that charge, he was already in custody, and remained in custody, for a completely separate burglary charge."); *Arnold v. Geary*, No. 09 Civ. 7299 (GWG), 2013 U.S. Dist. LEXIS 116475, at *14 (S.D.N.Y. Aug. 16, 2013) ("Case law is clear that '[a] plaintiff does not have a claim for false arrest or malicious prosecution under section 1983 if, at the time of his arrest and prosecution, he already is in custody on other charges, because there is no deprivation of liberty interests.'") (citation omitted); *Allen v. City of New York,* 480 F. Supp. 2d 689, 717 (S.D.N.Y. 2007) ("Courts have held, for purposes of a malicious prosecution claim, that an 'inmate already incarcerated has not suffered any unconstitutional deprivation of liberty as a result of being charged with new criminal offenses.'") (citation omitted).  Moreover, there is no evidence that plaintiff's period of incarceration for the homicide and escape charges was lengthened as a result of the robbery charges being brought against him while he was already in custody.

Therefore, "[a]t most, [plaintiff] . . . was required to appear in court on a single occasion, at which proceeding the charges against him were dismissed.  Under the applicable case law, this

15

is simply insufficient to establish the deprivation of liberty requirement for a malicious prosecution claim under Section 1983." *Goonewardena v. Spinelli*, No. 15-CV-5239 (MKB) (ST), 2017 U.S. Dist. LEXIS 129972, at *46 (E.D.N.Y. Aug. 14, 2017); *see also, e.g., Harris v. City of New York*, No. 09-CV-3474 (KAM), 2013 U.S. Dist. LEXIS 129118, at *21 (E.D.N.Y. Sept. 10, 2013) ("In the Second Circuit, courts have consistently held that a single court appearance, as an alleged deprivation of liberty, is insufficient to support a Section 1983 malicious prosecution claim.") (internal quotation marks and citation omitted).

Accordingly, because plaintiff did not spend a single minute in custody as a result of his prosecution for robbery and instead made only ***one*** court appearance before the robbery charges were dismissed, plaintiff is unable to establish a sufficient post-arraignment deprivation of liberty and, therefore, his malicious prosecution claim should be dismissed.

## POINT II

### TRANCHINA IS ENTITLED TO QUALIFIED IMMUNITY

Qualified immunity is "an immunity from suit rather than a mere defense to liability . . . [and] it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). This doctrine is "an entitlement not to stand trial or face the other burdens of litigation." *Id.* Therefore, qualified immunity questions should be resolved "at the earliest possible stage of litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

New York law affords "a defense of qualified immunity for government officials to state law claims such as those for false arrest and imprisonment wherever the official's action is not taken in bad faith or without a reasonable basis." *Mesa v. City of New York*, No. 09 Civ. 10464 (JPO), 2013 U.S. Dist. LEXIS 1097, at *37-38 (S.D.N.Y. Jan. 3, 2013) (citing *Blouin ex rel. Estate of Pouliot v. Spitzer*, 356 F.3d 348, 364 (2d Cir. 2004)). "This reasonableness standard is

the same standard as that applied in federal qualified immunity analysis; thus, where an officer's actions are deemed objectively reasonable, that officer will be immune under both federal and state law." *Mesa*, 2013 U.S. Dist. LEXIS 1097, at *38 (citing *Jones v. Parmley*, 465 F.3d 46, 64 (2d Cir. 2006)).

The purpose of qualified immunity is to protect government employees from civil liability where performance of their discretionary functions "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). The main "concern of the immunity inquiry is to acknowledge that reasonable mistakes can be made as to the legal constraints on particular police conduct." *Poe v. Leonard*, 282 F.3d 123, 133 (2d Cir. 2002). Law enforcement officers "are not liable for bad guesses in gray areas; they are liable for transgressing bright lines." *Maciariello v. Sumner*, 973 F.2d 295, 298 (4th Cir. 1992). Thus, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

The application of qualified immunity is important because "it is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and we have indicated that in such cases those officials − like other officials who act in ways they reasonably believe to be lawful − should not be held personally liable." *Anderson v. Creighton*, 483 U.S. 635, 641 (1987); *see also, e.g., Salim*, 2016 U.S. Dist. LEXIS 180071, at *17 ("The qualified immunity defense . . . relaxes the classic probable cause requirements to reflect the inevitable fact that 'law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present.'") (quoting *Cerrone v. Brown*, 246 F.3d 194, 203 (2d Cir. 2001)).

The qualified immunity standard is often referred to as "arguable probable cause" and is defined by the Second Circuit as existing when "a reasonable police officer in the same circumstances and possessing the same knowledge as the officer in question **could** have reasonably believed that probable cause existed in the light of well established law." *Cerrone*, 246 F.3d at 202-02 (internal quotation marks and citation omitted) (emphasis in original). Further, "an arresting officer is entitled to qualified immunity "as a matter of law if the undisputed facts and all permissible inferences favorable to the plaintiff show . . . that officers of reasonable competence could disagree on whether the probable cause test was met." *McClellan v. Smith*, 439 F.3d 137, 147-48 (2d Cir. 2006) (internal quotation marks, emphasis and citation omitted); *see also, e.g., Ricciuti v. New York City Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1997) ("A police officer is entitled to qualified immunity shielding him or her from damages for false arrest where (1) it was objectively reasonable for the officer to believe there was probable cause to make the arrest, or (2) reasonably competent police officers could disagree as to whether there was probable cause to arrest.").  "Put another way, an arresting officer will find protection under the defense of qualified immunity unless 'no reasonably competent officer' could have concluded, based on the facts known at the time of the arrest, that probable cause existed." *Figueroa v. Mazza*, No. 14-4116-cv, 2016 U.S. App. LEXIS 10152, at *21 (2d Cir. June 3, 2016).

Here, it was certainly objectively reasonable for Tranchina to believe there was probable cause to prosecute plaintiff based upon the Mr. Sarwar's identifications of him on the news, in as photo array and in a lineup as the person robbed the SportsLane store on July 28, 2007, regardless of whether two other crime victims identified plaintiff or not.  *See, e.g., Daughtry v. City of New York*, No. 12-CV-2655 (NGG) (RER), 2015 U.S. Dist. LEXIS 68627, at *19-20

18

(E.D.N.Y. Feb. 23, 2015) (holding that defendant was entitled to qualified immunity because "[i]t was objectively reasonable for him to rely on the victim's photo identification as probable cause to arrest Plaintiff" and "[n]o facts in the record establish that [defendant] had reason to question the victim's veracity, or that he unreasonably believed that probable cause existed notwithstanding the alleged existence of alibi witnesses, security footage, and other exculpatory evidence."). Moreover, plaintiff is unable to identify any "well established" law at the time he was prosecuted in April 2008 that probable cause was clearly lacking under sufficiently similar circumstances.

Therefore, because there was at least "arguable probable cause" to prosecute plaintiff, defendant is entitled to qualified immunity.

## CONCLUSION

For the foregoing reasons, defendants Tranchina respectfully requests that the Court grant

his motion for summary judgment in its entirety, with prejudice, together with costs and fees the

Court deems just and proper.

Dated: New York, New York
       February 2, 2018

                    ZACHARY W. CARTER
                    Corporation Counsel of the City of New York
                    *Attorney for Defendant*
                    100 Church Street
                    New York, New York  10007
                    (212) 356-2351


                By:    /s/ Kavin Thadani
                    Kavin Thadani
                    Senior Counsel
                    Special Federal Litigation Division


TO:    **VIA ECF**
        Kim Richman, Esq.
        Clark Binkley, Esq.
        *Attorneys for Plaintiff*