| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | |
| MAXIE DACOSTA,<br><br>Plaintiff,<br><br>– against –<br><br>DETECTIVE FORTUNATO TRANCHINA,<br>Shield #509, individually and in his official<br>capacity<br><br>Defendants. | ORDER<br><br>15-CV-5174 |



FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ FEB 21 2018 ★

BROOKLYN OFFICE

**JACK B. WEINSTEIN, Senior United States District Judge**

For the reasons stated in this court's orders of December 12, 2017, ECF No. 92, and January 30, 2018, ECF No. 112, Detective Tranchina's motion for summary judgment is denied. These opinion are incorporated in this order.

The court has reviewed the record in this case, including the videotape evidence of the robbery and still photos produced from the videos before and during the robbery. The videos and still photos are susceptible to differing interpretations. Reviewing them does not change the court's view.

The police procedures utilized in this case were entirely unsatisfactory and of the sort that have led to miscarriages of justice. *Cf. Dufort v. City of New York*, 874 F.3d 338, 348 (2d Cir. 2017) (rejecting the defense of the presumption of probable cause and failure to initiate where a grand jury was not apprised of the dubious nature of an eyewitness identification). Many police and judicial procedures are in the process of being updated to improve their reliability. *See, e.g.,* N.Y. Crim. Proc. L. § 60.25 (2017 McKinney) (encouraging the use of a blind procedure in photo arrays); *People v. Boone*, No. 55, 2017 WL 6374286 --- N.E.3d --- (N.Y. Dec. 14, 2017)



1

("We hold that when identification is an issue in a criminal case and the identifying witness and defendant appear to be of different races, upon request, a party is entitled to a charge on cross-racial identification."); Sally Q. Yates, U.S. Dep't of Justice Memo, *Eyewitness Identification: Procedures for Conducting Photo Arrays* (Jan. 6, 2017) (instructing federal law enforcement officials to follow a blind or blinded procedure).

Plaintiff has shown a sufficient deprivation of liberty to survive summary judgment. There was a gap in time of over a month between plaintiff's acquittal for the murder and escape charges and when the robbery charge was dismissed. Def.'s 56.1 Statement at ¶¶ 16-17, ECF. No. 115. Plaintiff was required to make at least one court appearance, *id.*, and, as other courts have recognized, under New York Criminal Procedure Law § 510.40(2) a felony criminal defendant released on his own recognizance "must render himself at all times amenable to the orders and processes of the court" and "therefore must ordinarily remain in the state." *Rohman v. New York City Transit Auth. (NYCTA)*, 215 F.3d 208, 216 (2d Cir. 2000). A plaintiff released on his own recognized for a felony can show a deprivation of liberty if he makes one court appearance because he is also subject to implied statutory travel restrictions. *See Norton v. Town of Islip, No. 12 CV 4463 (PKC)*, 2016 WL 264930, at *3-4 (E.D.N.Y. Jan. 21, 2016), *aff'd*, 678 F. App'x 17 (2d Cir. 2017) (finding allegation of one court appearance sufficient to show a deprivation of liberty at the pleading stage); *Perez v. Duran*, 962 F. Supp. 2d 533, 542 (S.D.N.Y. 2013) (finding that two court appearances, one of which was for multiple charges, and implied travel restrictions showed a sufficient deprivation of liberty to survive summary judgment).

The trial dates remain as scheduled. *See* Nov. 15, 2017 Order, ECF No. 87. If the Corporation Counsel intends to file an appeal on qualified immunity or other grounds, and to

seek a stay of proceedings in the district court, it shall notify the court and plaintiff's counsel as soon practicable.

                                                SO ORDERED.

                                                */s/ Jack B. Weinstein*

                                                Jack B. Weinstein
                                                Senior United States District Judge

Dated:  February 15, 2018
         Brooklyn, New York