# United States District Court
# Eastern District of New York

------------------------------------------------------------- x

MAXIE DACOSTA,

                    Plaintiff,

          - against -

DET. FORTUNATO TRANCHINA (Shield #509),
individually and in his official capacity,

                    Defendant.

**NOTICE OF APPEAL**

No. 1:15-cv-05174-JBW-RLM

------------------------------------------------------------- X

      Notice is hereby given that Detective Fortunato Tranchina appeals to the

United States Court of Appeals for the Second Circuit from the order dated

February 15, 2018 and entered on February 21, 2018 (ECF No. 136).

Dated:    New York, New York
         February 21, 2018

                    ZACHARY W. CARTER
                    *Corporation Counsel*
                    *of the City of New York*

By:                          
                    Devin Slack
                    Deputy Chief, Appeals Division

                    100 Church Street
                    New York, New York 10007
                    212-356-0817
                    dslack@law.nyc.gov

To:  Clark A. Binkley
     Javier Osvaldo Hidalgo
     Kim Richman
     THE RICHMAN LAW GROUP
     81 Prospect Street
     Brooklyn, New York 11201
     212-687-8291
     *Counsel for Plaintiff*



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MAXIE DACOSTA,

Plaintiff,

– against –

DETECTIVE FORTUNATO TRANCHINA,
Shield #509, individually and in his official
capacity

Defendants.

**ORDER**

15-CV-5174

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ **FEB 2 1 2018** ★

BROOKLYN OFFICE

**JACK B. WEINSTEIN, Senior United States District Judge**

For the reasons stated in this court's orders of December 12, 2017, ECF No. 92, and
January 30, 2018, ECF No. 112, Detective Tranchina's motion for summary judgment is denied.
These opinion are incorporated in this order.

The court has reviewed the record in this case, including the videotape evidence of the
robbery and still photos produced from the videos before and during the robbery. The videos
and still photos are susceptible to differing interpretations. Reviewing them does not change the
court's view.

The police procedures utilized in this case were entirely unsatisfactory and of the sort that
have led to miscarriages of justice. *Cf. Dufort v. City of New York*, 874 F.3d 338, 348 (2d Cir.
2017) (rejecting the defense of the presumption of probable cause and failure to initiate where a
grand jury was not apprised of the dubious nature of an eyewitness identification). Many police
and judicial procedures are in the process of being updated to improve their reliability. *See, e.g.*,
N.Y. Crim. Proc. L. § 60.25 (2017 McKinney) (encouraging the use of a blind procedure in
photo arrays); *People v. Boone*, No. 55, 2017 WL 6374286 --- N.E.3d --- (N.Y. Dec. 14, 2017)

1



("We hold that when identification is an issue in a criminal case and the identifying witness and defendant appear to be of different races, upon request, a party is entitled to a charge on cross-racial identification."); Sally Q. Yates, U.S. Dep't of Justice Memo, *Eyewitness Identification: Procedures for Conducting Photo Arrays* (Jan. 6, 2017) (instructing federal law enforcement officials to follow a blind or blinded procedure).

Plaintiff has shown a sufficient deprivation of liberty to survive summary judgment. There was a gap in time of over a month between plaintiff's acquittal for the murder and escape charges and when the robbery charge was dismissed. Def.'s 56.1 Statement at ¶¶ 16-17, ECF. No. 115. Plaintiff was required to make at least one court appearance, *id.*, and, as other courts have recognized, under New York Criminal Procedure Law § 510.40(2) a felony criminal defendant released on his own recognizance "must render himself at all times amenable to the orders and processes of the court" and "therefore must ordinarily remain in the state." *Rohman v. New York City Transit Auth. (NYCTA)*, 215 F.3d 208, 216 (2d Cir. 2000). A plaintiff released on his own recognized for a felony can show a deprivation of liberty if he makes one court appearance because he is also subject to implied statutory travel restrictions. *See Norton v. Town of Islip, No. 12 CV 4463 (PKC),* 2016 WL 264930, at *3-4 (E.D.N.Y. Jan. 21, 2016), *aff'd,* 678 F. App'x 17 (2d Cir. 2017) (finding allegation of one court appearance sufficient to show a deprivation of liberty at the pleading stage); *Perez v. Duran*, 962 F. Supp. 2d 533, 542 (S.D.N.Y. 2013) (finding that two court appearances, one of which was for multiple charges, and implied travel restrictions showed a sufficient deprivation of liberty to survive summary judgment).

The trial dates remain as scheduled. *See* Nov. 15, 2017 Order, ECF No. 87. If the Corporation Counsel intends to file an appeal on qualified immunity or other grounds, and to

seek a stay of proceedings in the district court, it shall notify the court and plaintiff's counsel as

soon practicable.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated:  February 15, 2018
        Brooklyn, New York

3

Docket No.
15-CV-05174-JBW-RLM

**United States District Court**
**Eastern District of New York**

MAXIE DACOSTA,

                                                                Plaintiff,

                              -against-

DETECTIVE FORTUNATO TRANCHINA, shield
#509, individually and in his official capacity,

                                                                Defendant.

## NOTICE OF APPEAL

**ZACHARY W. CARTER**
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Devin Slack*
*Tel: (212) 356-0817*
*Law Manager No. 2015-042905*

*Due and timely service is hereby admitted.*

*New York, N.Y.   ..........................., 2018*

*................................................................Esq.*

*Attorney for ..................................................*